Harold Baer, J.
After trial before the court without a jury, decision was reserved. Formal findings of fact and conclusions of law were waived.
The defendant insurance carrier refused to defend the insured plaintiff. They hired counsel who successfully defended them. Plaintiff now brings this action to recover reasonable counsel fees.
The policy of insurance, in evidence, contains the usual liability coverage. It provides that insured must give notice “ as soon as practicable ”, upon occurrence of an accident. The company agrees to pay “ all sums which the insured shall become obligated to pay, ’ ’ by reason of the hazards set forth in the policy and to “ defend * * * any suit against the Insured * * * even if such suit is groundless, false or fraudulent.”
The accident occurred on January 4, 1952. The summons and complaint were served on October 28, 1952. The insured forwarded the summons and complaint to its agent who in turn forwarded them to the company. This was the first notice of accident received by defendant. On December 2, 1952, they *522 returned the summons and complaint to their insured, refusing to defend, and the insured hired counsel.
After defendant received the summons and complaint, it sent an investigator to ascertain the facts. On November 17, 1952, the investigator McLaughlin, interviewed the president of the insured and wrote out a statement which was signed by said president. In the statement, insured’s president stated that he was apprised of the accident on January 5, 1952 but did not report the incident to the company because of assurance by the lessee of the equipment that insured was not involved. The insured’s equipment was hired and used on a construction job by a lessee who operated and controlled the equipment. An accident resulting in death was the forerunner of the suit against the insured. At trial, the complaint was dismissed against the insured, hut settled for a substantial sum by the other defendants.
The insured’s president vigorously denied knowledge of the accident until the summons and complaint were served upon him. He steadfastly insisted that he signed the statement upon the insistence of the defendant’s investigator and his own insurance broker and that he told them that the statement was untrue but they induced him to sign because he had to co-operate with his own insurance company which was going to defend him.
The questions here involved are whether the insured plaintiff gave notice as soon as practicable ? Whether the defendant insurer was justified in treating these circumstances as a breach of contract warranting refusal to defend insured’s suit? In turn, the answer to these questions depends upon the statement and insured’s explanation therof. These are questions of fact.
The president of the insured was an impressive witness. I believe that he signed the statement under direction and against the best interests of the insured. He thought it best to sign as advised though he ‘ ‘ knew ’ ’ it was untrue and without understanding the legal implications. His action should not be condoned but in view of the lack of good faith on the part of defendant’s investigator in obtaining such statement, the insured should not be penalized. McLaughlin’s testimony had no probative value. While he tried to be frank, his testimony was based on conjecture and assumption. He did not remember but assumed what he must have done because that was his usual practice.
The statement is not a deed or sworn instrument expressive of a jural act (Pimpinello v. Swift & Co., 253 N. Y. 159). It is a signed statement obtained by the insurer from its insured *523 and like any admission, it may be explained and repudiated (Wachtel v. Equitable Life Assur. Soc., 266 N. Y. 345, 351; Rudolph v. John Hancock Mut. Life Ins. Co., 251 N. Y. 208, 214; Keats v. Moss, 5 Misc 2d 571, 574).
As trier of the facts the court accepts the insured’s version of the method by which the statement was obtained. It follows therefore that the insured was not apprised of an accident involving its equipment until it received the summons and complaint. It had no representative on the job at the time of the accident or while work was progressing. It checked its equipment on Saturday of each week when no work was in progress. It neither operated nor controlled the equipment. There was no independent proof offered that insured knew or should have known of the accident earlier. (Cf. Hermance v. Globe Ind. Co., 221 App. Div. 394.)
Under the circumstances, the insured exercised reasonable diligence and could not be expected to know what occurred on the job. (Woolverton v. Fidelity & Cas. Co., 190 N. Y. 41.)
The court finds that the insured’s first notice of the accident was when the summons and complaint was served; that defendant received notice “ as soon as practicable ”, and that there was no breach of the contract of insurance by the insured. The company was obligated to defend.
In Goldberg v. Lumber Mut. Cas. Ins. Co. (297 N. Y. 148, 154) the court stated that, “ the duty to defend is broader than the duty to pay.” The court in that case stated that the defendant undertook to defend such a suit as was brought against its insured. Information that defendant obtained may have some bearing on the company’s duty to pay, but it cannot affect its established duty to defend. While the defendant in the case at bar relied on a statement which it interpreted as a breach of contract by the insured and in the Goldberg case the company relied on a liability question, the principle is the same. (See Doyle v. Allstate Ins. Co., 1 N Y 2d 439.)
Based on the facts pressed by the defendant, they took a calculated risk when they refused to defend. They relied on a statement prepared by their investigator. The best interpretation of the facts urged by the defendant is that the insured knew that there was an accident; that it was assured that it was not involved; that its equipment was on the job but not under its control or supervision. The result of the lawsuit, in insured’s favor, substantiated the alleged conclusion by the insured’s president that insured was not involved. While under defendant’s interpretation of the facts it would have been more prudent to give notice immediately; likewise, *524 it would have been more prudent for defendant to defend, reserving its right to refuse to pay.
The question of fact with respect to the statement has been decided in plaintiff’s favor. It should be noted that the determination of whether or not notice was given “ as soon as practicable ”, would also be a question of fact here and not a matter of law. In a recent case, notice was not given to the insurer until the summons and complaint were served, four and one-half months after the accident, because insured “ did not think he was insured for this accident ”. The trial court directed a verdict for the defendant on the ground that such delay in giving notice was unreasonable as a matter of law. The Appellate Division reversed and stated that, “ there is a triable issue as to whether a timely notice was served — citing Bazar v. Great Amer. Ind. Co. (306 N. Y. 481); Wagman v. American Fidelity & Cas. Co. (304 N. Y. 490, 494); Muller v. Sun Ind. Co. of N. Y. (276 App. Div. 1028).” On stipulation for judgment absolute, the case went to the Court of Appeals where it was affirmed. (Gluck v. London & Lancashire Ind. Co. of America, 2 N Y 2d 953, affg. 2 A D 2d 751.)
This question is not reached in the case at bar for the reasons above stated. However, there is no basis for defendant’s contention that as a matter of law, the notice was not given, ‘ ‘ as soon as practicable ’ ’, under the terms of the policy.
The only remaining question is the fair and reasonable value of the services rendered by plaintiff’s counsel. After consideration of the testimony and review of the services required in the substantial action brought for conscious pain and suffering and death, I find the reasonable value of services should be fixed at $3,000. Judgment for the plaintiff accordingly with interest as follows: On $1,000 from June 11, 1954; on $400 from July 12, 1954; on $350 from October 15, 1954; on the balance $1,250 from the date of the commencement of this action.
Ten days’ stay, 30 days to make a case.