James J. Conroy, J.
This action was brought pursuant to section 167 (subd. 1, par. [b]) of the Insurance Law. The complaint was dismissed as against the Insurance Company of North America when it appeared that there was no policy of that company in existence at the time of the alleged accident.
On November 29, 1953, the infant plaintiff sustained injuries as a result of a fall from a swing on the premises of the insured Frances Albertson. The insured was told of the accident by her own children at the time it happened but she was not aware that the infant plaintiff had sustained any injury until September, 1954. At that time the attorney, who was subsequently engaged by the infant plaintiff’s guardian, called at the home of the insured in order to inspect the premises prior to accepting the case. The said attorney was engaged by the plaintiff’s guardian on October 15, 1954.
At the trial the insured testified that she did not notify her insurance company at the time of the .accident because she *877 thought there was no injury. Immediately after she was notified by the infant plaintiff’s attorney that theré had been an injury, she notified her broker, who mistakenly notified the Insurance Company of North America, which was the insured’s liability insurance carrier at that time (Sept., 1954) but not on the date of the accident. This insurance company, however, apparently overlooked the fact that it did not cover the premises at the time of the accident and immediately communicated with the plaintiff’s attorney and carried on various discussions with him.
On March. 9, 1955, the Insurance Company of North America discovered that it was not on the policy at the time of the happening of the accident, and returned its file to her broker, advising that the Massachusetts Bonding and Insurance Company afforded coverage of the premises, and asking that the correspondence be forwarded to the appropriate carrier. On March 11, 1955, the broker forwarded the original correspondence to the Massachusetts Bonding and Insurance Company.
On March 11, 1955, the attorney for the plaintiffs notified the defendant Massachusetts Bonding and Insurance Company, in writing, of the claim and the circumstances surrounding the delayed notice. On March 16, 1955, the said defendant advised the attorney that they had his letter of claim, requested certain information and advised him to get in touch with their representative at their Jamaica office. The attorney did communicate with their representative and thereafter some communication was had between the said company and the attorney and a doctor was designated to conduct a physical examination.
In June, 1955, however, the defendant Massachusetts Bonding and Insurance Company disclaimed on the ground that a condition in the policy which required notice of an accident be given “ as soon as practicable ” was not followed. The said defendant notified its insured of this disclaimer.
The insured forwarded the summons and complaint which were served upon her to the Massachusetts Bonding and Insurance Company which promptly returned them. Thereafter the attorney for the plaintiffs also forwarded to the said insurance company copies of the summons and complaint. The insured defaulted in appearance at the trial of the action, and after inquest a judgment was entered in favor of the infant plaintiff in the sum of $6,185, and in favor of her mother Silla Lukin in the sum of $200. A copy of the judgment, with notice of entry thereof, was subsequently served on the Massachusetts Bonding and Insurance Company. The same remained unsatisfied at the expiration of 30 days after the service of the judgment.
*878 Section 167 (subd. 1, par. [d]) of the Insurance Law provides that every policy of liability insurance issued or delivered in this State shall contain, in substance, the following provision: “ (d) A provision that failure to give any notice required to be given by such policy within the time prescribed therein shall not invalidate any claim made by the insured or by any other claimant thereunder if it shall be shown not to have been reasonably possible to give such notice within the prescribed time and that notice was given as soon as was reasonably possible.” This provision has been interpreted to require notice to be given within a reasonable time under all the circumstances. (Deso v. London & Lancashire Ind. Co., 3 N Y 2d 127 ; Mason v. Allstate Ins. Co., 12 A D 2d 138.) While it is true that when no excuse for a delay in giving notice is offered the question of whether the notice was timely is one of law for the court (Greenwich Bank v. Hartford Fire Ins. Co., 250 N. Y. 116, 128) where an excuse is offered, the question of timeliness of the notice under the circumstances is one of fact for the trier of the facts. (Gluck v. London & Lancashire Ind. Co., 134 N. Y. S. 2d 889, affd. 2 A D 2d 751, affd. 2 N Y 2d 953.)
The Court of Appeals held, many years ago, that if the trier of fact found that it was reasonable under the circumstances for the insured to believe that there was no injury, even though he Imew of the accident, that he was justified in not notifying the insurer until he became aware that there was an injury. (Melcher v. Ocean Acc. Guar. Corp., 226 N. Y. 51.) The court stated at page 56 of that case that: “It is not every trivial mishap or occurrence that the assured under such a policy of liability insurance must regard as an accident of which notice should be given immediately to the insurance company, even though it may prove afterwards to result in serious injury.” This rule has never been abrogated.
In Colontino v. United States Fid. & Guar. Co. (9 A D 2d 926, affd. without opinion 8 N Y 2d 974), the insured did not give notice until after he had been visited by the attorney for the infant, although he knew that the infant plaintiff had fallen on the concrete floor of his premises and that the said infant was taken by her mother to a hospital with a lump on her forehead ‘ ‘ the size of a small apple ’ ’. He testified that he did not notify the insurance company because a neighbor told him that the child was not hurt. The trial court ratified the jury’s affirmative finding that under the circumstances of the case the insurer was given notice “ as soon as practicable ”, and entered judgment for the plaintiff. The Appellate Division of the *879 Second Department and the Court of Appeals affirmed the judgment.
In the ease at bar, where there was no apparent injury, it was entirely reasonable for the insured to believe that there would be no claim and had she given notice to the defendant Massachusetts Bonding and Insurance Company immediately upon being contacted by the plaintiff’s attorney, there would be no question but that such notice would have been timely. The insured’s broker, however, mistakenly notified the Insurance Company of North America and it was not until five months later that Massachusetts Bonding and Insurance Company received notice of the claim.
Section 167 (subd. 1, par. [c]) of the Insurance Law grants to an injured person the right to give notice of his claim to the insurer. A more liberal standard is applied as to the reasonableness of delay in giving notice on the part of the injured party than on the part of the insured. (Marcus v. London Lancashire Ind. Co., 6 A D 2d 702, affd. 5 N Y 2d 961 ; Lauritano v. American Fid. Fire Ins. Co., 3 A D 2d 564, affd. 4 N Y 2d 1028.) In the latter ease the court stated at page 568: ‘1 All members of this court are in agreement that the standards by which the notice given by the injured party must be judged differ from those governing notice given by the insured. The statute having granted the injured person an independent right to give notice and to recover thereafter, he is not to be charged vicariously with the insured’s delay (Pitts v. Aetna Cas. & Sur. Co., 218 F. 2d 58, 62 [2d Cir., 1954], cert. denied 348 U. S. 973). When the injured party has pursued his rights with as much diligence ‘ as was reasonably possible ’ the statute shifts the risk of the insured’s delay to the compensated risk-taker who can initially accept or reject those for whom it will bear such risks.”
The court further stated: “ The injured person’s rights must be judged by the prospects for giving notice that were afforded him, not by those available to the insured. What is reasonably possible for the insured may not be reasonably possible for the person he has injured. The passage of time does not of itself make delay unreasonable. Promptness is relative and measured by circumstance.”
In the instant case the plaintiffs did not have access to the insured’s insurance policy or to any direct information regarding the name of the insurance carrier. Their reliance on the belief that the Insurance Company of North America was the proper insurer was entirely justified in that the latter was in *880 prompt communication with their attorney after he had informed the insured of their claim. When the plaintiffs were informed that the Insurance Company of North America was not the insurer, their attorney immediately notified the defendant Massachusetts Bonding and Insurance Company in writing.
Under all of the circumstances in this case, the court finds that the delay in giving notice of the accident to the defendant insurer, the Massachusetts Bonding and Insurance Company, was not unreasonable and that the plaintiffs have performed all the essential elements required by section 167 of the Insurance Law, and that they are, therefore, entitled to recover from that company the total sum of $6,385.