Nathaniel T. Helman, J.
In this action for a declaratory judgment the court is asked to determine the legal sufficiency of a notice of accident addressed to defendant insurance company by the plaintiff on May 10, 1957. The case turns on the factual question whether plaintiff was aware, in the early part of 1956 that an “ accident” embraced by the coverage of the policy, had occurred on December 29, 1955, on premises being excavated under his direction and control. It is plaintiff’s testimony that in April, 1956, he was visited by an Assistant Corporation Counsel of the City of New York who advised him that a claim had been asserted against the city by a claimant who allegedly fell over an obstruction at or near the general area of defendant’s excavation operations. Nothing was said to him about the specific location of the occurrence, nor was the name of the claimant mentioned; in fact the attorney indicated to him that plaintiff was not in any way involved and that the claim was probably exaggerated and would not be pressed. Defendant challenges these statements and attacks the credibility of plaintiff in every aspect of his testimony.
Defendant offered two exhibits in evidence as bearing upon plaintiff’s alleged knowledge of this occurrence in 1956. The first was a statement prepared by its investigator on May 15, 1957 and signed by the plaintiff wherein a Dr. Petti is mentioned as the party ‘1 who had fallen in this area and injured himself ”.
Defendant further relies upon the letter addressed by plaintiff’s broker to the insurance company on May 10,1957, enclosing the summons in the action. It would appear from this letter that plaintiff had advised his broker that a man named Petty had hurt himself by a fall within the area which plaintiff was excavating. • Lacking any further evidence than the investigator’s statement and the letter from the broker, supplemented by his testimony, the court cannot, simply upon the challenge to plaintiff’s credibility by able counsel for the defendant, conclude that the story as related by the plaintiff is untrue. The court is mindful of the fact that the investigator’s statement was prepared by defendant’s representative and, although *354 signed by plaintiff, was actually executed over a year after the conversation with the city’s attorney. Furthermore, it was signed after the summons had already been served in the Petti action so that the mention of the latter name in the statement was understandable. As to the broker’s letter, it is significant that in response to several questions addressed to him, he stated that he could not recall any statement by the plaintiff as to the location of the accident.
The injured party at no time informed plaintiff of the occurrence by letter or otherwise until a summons was served. The meagre information which plaintiff received in his conversation with the representative of the City of New York indicated that claimant was directing his action against the city only. Under the circumstances, I find no basis for holding that plaintiff was charged with the responsibility to notify his insurer of the substance of his conversation of April, 1956.
The ease is similar in some respects to Fordham Hoisting Co. v. Metropolitan Ins. Co. (6 Misc 2d 521) where it was held that since the insured was not apprised of an accident he would not be held to any special responsibility by virtue of a statement that he had signed for an insurance company investigator, which he subsequently retracted. The test is the exercise of reasonable diligence from the moment of apprisal of the occurrence. That a great deal of time lapsed between the 1956 conversation and the communication of a notice is not of itself significant unless the surrounding circumstances so require. (Lauritano v. American Fid. Fire Ins. Co., 3 A D 2d 564; Bazar v. Great Amer. Ind. Co., 306 N. Y. 481; Trippe v. Provident Fund Soc., 140 N. Y. 23, where the court said “ notice can hardly be given until there is knowledge of the facts upon which notice can be predicated ”.)
While the doctrine of the Melcher and Haas cases (infra), decided by the Court of Appeals in 1919, has no direct application to the case at bar, it may be noted that plaintiff was advised in 1956 that the claimed injuries were so insignificant as to warrant the assumption that claimant would not pursue his claim. “ It is not every trivial mishap or occurrence that the assured under a policy of insurance must regard as an accident of which notice must be given immediately ’ ’. (Melcher v. Ocean Acc. & Guar. Corp., 226 N. Y. 51, 56; Haas Tobacco Co. v. American Fid. Co., 226 N. Y. 343.)
Defendant has pointed to the views expressed in the cases of American Sur. Co. of N. Y. v. Mariani (130 N. Y. S. 2d 755) and Acosta v. Roach (12 Misc 2d 494) to the effect that the opinion of the insured concerning his own liability does not *355 absolve bim from responsibility. While this principle is, of course, sound, the question here is whether the assured was aware that an “accident” within the meaning of the policy, had occurred on property within his control. On that issue the court finds in favor of the plaintiff. Accordingly, judgment will be rendered in favor of plaintiff as prayed for in the complaint.