382 P.2d 723

Toby WATSON, Plaintiff-Appellee,

v.

The WESTERN CASUALTY & SURETY COMPANY, a corporation, Defendant-Appellant.

No. 7181.

Supreme Court of New Mexico.

June 10, 1963.

McAtee, Toulouse, Marchiondo, Ruud & Gallagher, Albuquerque, for appellant.

Knight, Sullivan & Hurley, Albuquerque, for appellee.

CHAVEZ, Justice.

This is an appeal from a judgment rendered for plaintiff-insured in a declaratory judgment action against defendant-insurer on a general liability insurance policy. The parties will be referred to as the "insured" and the "insurer," respectively.

The insured, who is in the plumbing and heating business, installed a residential gas heater in the home of John J. Chavez prior to February, 1956. In February, 1956, while the insurance policy was in effect, the insured was called to the home of John J. Chavez in Albuquerque upon information that the heater which insured had installed was faulty and that gas was escaping. After checking the house and the heater, the old heater was removed and a new one put in. The insured testified: " * * .* we changed it to be safe on it." At the time that the insured checked the Chavez home, he did not see Mrs. Chavez but was informed that she had a headache and had gone to the hospital for a checkup, " * * * to be sure there wasn't anything wrong." Insured understood that Mrs. Chavez returned home the same day " * * * and they came back with the report that she was all right."

Insured was not notified that anybody else was hurt or sick and insured did not notify the insurer. This was the last that insured heard of the matter until about three and one-half years later.

Paragraph 9 of the insurance policy reads:

"9. NOTICE OF ACCIDENT.

When an accident occurs written notice shall be given by or on behalf of the insured to the company or any of its authorized agents as soon as practicable. Such notice shall contain particulars sufficient to identify the insured and also reasonably obtainable information respecting the time, place and circumstances of the accident, the names and addresses of the injured and of available witnesses."

Mrs. Mela Chavez and John J. Chavez brought suit against the insured in 1959 for injuries allegedly resulting from the faulty heater, whereupon the insured promptly notified the insurer. The insurer refused to defend the insured, contending that paragraph 9 of the policy was not complied with and that its liability under the policy was thereby relieved. The insured provided his own defense against the suit. The suit was terminated on the question of the statute of limitations.

Another suit was filed on July 8, 1960, against the insured by John J. Chavez, on behalf of Stanley Chavez, a minor child, for damages allegedly resulting from the faulty heater, which suit was pending at the time this action was brought. Notice to the insurer of this second suit was given by insured promptly after it was filed.

The insured sought, in the cause now before us, to recover the expenses he incurred in defending against Mrs. Chavez' suit and to require the insurer to provide his defense in the child's suit under the provisions of the policy.

The trial court made the following finding of fact:

"3. That the events that occurred at the Chavez home during the month of February, 1956, that were within the knowledge of the plaintiff at that time, were too nebulous in their entirety for him to comprehend that they constituted an accident to warrant his notification of the defendant under the provisions of paragraph 9 of the insurance policy, and that because of the circumstances surrounding his visit to the Chavez home on that date, the plaintiff acted as a reasonably prudent man in the premises in not notifying the defendant, under the provisions of paragraph 9 of the insurance policy, because of the apparent triviality of the occurrences at the Chavez home at that time, and for that reason, the plaintiff had no duty to so notify the

defendant under the provisions of paragraph 9 of the policy, as a reasonably prudent man."

The trial court also found that the insured heard no more from the incident until he was served with a complaint on November 9, 1959, in the suit brought by John Chavez and Mela Chavez, his wife, alleging injuries as a result of the faulty heater incident in February, 1956; that the insured immediately notified the insurer of said suit; that the insured was served with a negligence complaint on July 8, 1960, which was the suit filed by John Chavez, as father and next friend of Stanley Chavez, a minor, alleging damages as a result of the faulty heater incident; and that the insured immediately notified the insurer of said suit.

The insurer contends that:

"The Trial Court's Finding of Fact No. 3 To the Effect that the Incident was of Such a Trivial Character as to Excuse its Reporting to the Insurance Company was not Sustained by the Evidence."

This is the only issue in this case.

■ It should be noted at the outset that the word "accident" is not defined in the insurance policy of record. Hence, the word must be interpreted in its usual, ordinary and popular sense. See O'Rourke v. New Amsterdam Casualty Company, 68 N.M. 409, 362 P.2d 790, wherein the word "accident" is defined. As to the time in which notice of an accident must be given, the policy provides: "When an accident occurs written notice shall be given * * * as soon as practicable. * * *"

■■ It is generally held that insurance policy provisions call for notice of an accident within a reasonable length of time in view of all the facts and circumstances of each particular case. Gifford v. New Amsterdam Casualty Co., 216 Iowa 23, 248 N.W. 235; 8 Appleman, Insurance Law and Practice, § 4734, p. 22. There is the rule, however, which excuses the insured for failing to give notice and this depends upon the seriousness of the injury. In 8 Appleman, Insurance Law and Practice, § 4743, p. 78, this rule is stated as follows:

"It has been held that the insured need not report every trivial accident, but if an ordinarily prudent individual acting reasonably would consider, under all the circumstances, that the accident was inconsequential and that no claim for damages would be made, notice need not be given to the insurer.

"The question of reasonableness must be determined on the basis of facts as they existed at the time of the controverted events, and compliance or noncompliance cannot be established by subsequent events. Notice is ordinarily required only in case

of an accident producing an apparent bodily injury. * * *"

It is true that if the accident were sufficiently serious that it would lead a reasonably prudent man to believe that it might give rise to a claim for damages, notice is essential. Fireman's Fund Indemnity Co. v. Kennedy, (10 CCA, 1938), 97 F.2d 882. And the insured has no right to rely upon his own conclusions, unsupported by investigation, that no injury was suffered. However, under the facts of the instant case, we do not believe that the above principles are applicable.

In Melcher v. Ocean Accident & Guarantee Corporation, 226 N.Y. 51, 123 N.E. 81, the court stated the rule as follows:

"It is not every trivial mishap or occurrence that the assured under such a policy of liability insurance must regard as an accident of which notice should be given immediately to the insurance company, even though it may prove afterwards to result in serious injury. * * *

"'The word "accident" is susceptible of and has received many definitions, varying with the connection in which it is used. * * * As used in an indemnity policy such as this, we are of the opinion that the word "accident" means an undesigned and unforeseen occurrence of an afflictive or unfortunate character resulting in bodily injury to a person other than the insured. It is evident that it cannot have been the intention of the parties that such an accident as a mishap, casualty or misadventure occurring without bodily injury to anyone should be reported, since, with such an occurrence, the defendant has no concern. * * * If no apparent injury occurred from the mishap, and there was no reasonable ground for believing at the time that bodily injury would result from the accident, there was no duty upon the assured to notify the insurer.' Chapin v. Ocean Accident & Guarantee Corp., 96 Neb. 213, 147 N.W. 465, 52 L.R.A. (N.S.) 227."

The above reasoning was reiterated in Lukin v. Massachusetts Bonding & Insurance Co., 28 Misc.2d 876, 218 N.Y.S. 2d 322. There a child was injured when it fell from a swing on the premises of the insured who had a policy covering that type of accident. The insured's child told the insured of the accident at the time it happened on November 29, 1953, but the insured was not aware that the child-plaintiff had sustained any injury until September, 1954. At the trial the insured testified that she did not notify the insurance company at the time of the accident because she thought there was no injury. No notice of the accident was given to the insurer for over ten months after it occurred. The insured first learned of an

actual injury to the child just prior to her giving notice to the company. In holding for the insured on the matter of the sufficiency of notice, the court said:

"The Court of Appeals held, many years ago, that if the trier of fact found that it was reasonable under the circumstances for the insured to believe that there was no injury, even though he knew of the accident, that he was justified in not notifying the insurer until he became aware that there was an injury. Melcher v. Ocean Accident & Guarantee Corp., 226 N. Y. 51, 123 N.E. 81. * * *"

The Lukin case is analagous to the instant case. In the case before us, the insured was told that Mrs. Chavez had gone to the hospital for a checkup as a result of her having headaches. The insured was also told that Mrs. Chavez returned home from the hospital on the same day and that she was all right. Under the circumstances and events that occurred in February, 1956, at the Chavez home, there was no apparent injury and it was entirely reasonable for the insured to believe that no claim would be made by the Chavez'. The trial court so found.

The absence of an apparent injury is sufficient excuse for delay in giving notice to the insurer, where there is no reasonable ground for believing at the time that bodily injury would result from the accident, even where the insured knows of the accident upon which a later claim for damages is based. Chapin v. Ocean Accident & Guarantee Corporation, 96 Neb. 213, 147 N.W. 465; Leytem v. Fireman's Fund Indemnity Company, 249 Iowa 524, 85 N.W.2d 921; Silver v. Indemnity Ins. Co. of North America, 137 Conn. 525, 79 A.2d 355. Compare, Narduli v. United States Fidelity and Guaranty Company, (1962), 33 Misc.2d 352, 225 N.Y.S.2d 455; Hoffman & Klemperer Co. v. Ocean Accident and Guarantee Corporation, (7 CCA, 1961), 292 F.2d 324. See also cases in 76 A.L.R. 105, 123 A.L.R. 967, and 18 A.L.R. 2d 474.

We must adhere to the rule that on appeal the evidence will be viewed in the light most favorable to support the judgment and all evidence to the contrary disregarded. Mountain States Aviation, Inc. v. Montgomery, 70 N.M. 129, 371 P. 2d 604.

Viewing the evidence of record, we are satisfied that the evidence is ample to support the trial court's findings and such findings are conclusive on appeal.

The judgment is affirmed.

It is so ordered.

NOBLE and MOISE, JJ., concur.