Matthew M. Levy, J.
In this action for a declaratory judgment, the following facts were proved upon the trial before me:
The plaintiff was injured while a passenger in a motor vehicle owned and operated by one Howard on October 12, 1961, when there was a collision in New York with another vehicle owned and operated by the defendant Aida Adams. Howard was a New York resident, and his automobile was registered in New York. The Adams car was registered in New Jersey. At the time of the accident, Adams gave her address as 249 Governor Street, Paterson, New Jersey.
As of the date of the accident, there was in force and effect a policy of automobile liability insurance issued to Howard by the defendant Liberty Mutual Insurance Company, covering the motor vehicle in which the plaintiff was a passenger. On Friday, October 13, 1961, the day after the accident, Howard notified Liberty, his insurance carrier, of what occurred by mailing to it a copy of his accident report, MV 104 (a form pre *414 pared by the Commissioner of Motor Vehicles of the State of New York), which Liberty received on Monday, October 16,1961.
There was also in force and effect at that time a policy of automobile liability insurance issued by the defendant Liberty Mutual Insurance Company to the defendant Adams, covering the automobile which she was driving in the accident. On November 1, 1961, the plaintiff’s attorney sent a claim letter to Aida Adams at the address she had given at the scene of the accident. However, no response was received from her. On November 15, 1961, the plaintiff’s attorney served a summons and complaint in the then Municipal Court of the City of New York upon the defendant Adams, pursuant to the provisions of section 253 of the Vehicle and Traffic Law. The “ registered, return receipt requested ’ ’ mail was returned to the plaintiff’s attorney marked ‘1 unclaimed ’ ’.
On December 20,1961, the plaintiff’s attorney requested from the Motor Vehicle Bureau of the State of New York a copy of the accident report which Aida Adams presumably filed with the Department of Motor Vehicles of the State of New York (as required by Vehicle and Traffic Law, § 605), but was advised by the department that no report of the accident had been filed by Adams. The plaintiff did not make a similar request of the Department of Motor Vehicles of the State of New Jersey, because (as testified to on behalf of the plaintiff, and not disputed by any of the defendants) that State is not required by law to maintain records of insurance coverage. On January 12, 1962, the plaintiff filed a notice of claim with the defendant Motor Vehicle Accident Indemnification Corporation. The plaintiff had no knowledge of Adams’ automobile liability insurance coverage until February 28, 1963, when the plaintiff’s attorney was informed of the existence of such coverage by the P. F. O’Connor Agency, special investigator for the defendant MVAIC. The plaintiff’s attorney thereupon immediately notified the defendant Liberty by letter dated February 28, 1963 of the plaintiff’s claim. On or about June 5,1963, the plaintiff’s attorney received a letter from the defendant Liberty disclaiming coverage as to Aida Adams.
The issue in this case is whether or not the defendant Liberty received due and timely notice, pursuant to the Insurance Law (§ 167, subd. 1, pars, [c] and [d]). It is there provided that no policy of automobile accident indemnity insurance shall be issued unless it contain:
“(c) A provision that notice given by or on behalf of the insured, or written notice by or on behalf of the injured person or any other claimant, to any licensed agent of the insurer in *415 this state, with particulars sufficient to identify the insured, shall be deemed notice to the insured.
“(d) A provision that failure to give any notice required to be given by said policy within the time prescribed therein shall not invalidate any claim made by the insured or by any other claimant thereunder if it shall be shown not to have been reasonably possible to give such notice within the prescribed time and that notice was given as soon as was reasonably possible.”
What must be decided is whether “notice [to Liberty] was given as soon as was reasonably possible.” If not, the disclaimer by Liberty was valid and effective, and the defendant Motor Vehicle Accident Indemnification Corporation is the proper party to contest the plaintiff’s claim and to indemnify the plaintiff within the purview of the applicable statutory provisions (Insurance Law, art. 17-A). If due notice was given to Liberty, the MVAIC is freed of any possible liability in the premises, and Liberty’s disclaimer was nugatory and it must defend the plaintiff’s suit against Adams and make the plaintiff whole insofar as provided by the terms of the insurance policy.
The defendant Liberty cites cases in which the courts held that, where notice was given to the insurance carrier 22 to 51 days after the accident, such notice was not timely. But, in all of these, the issue involved notice given by the insured himself; and, too, all were concerned with the length of time that elapsed between the happening of the accident, and the date of the notice, since the insured was immediately cognizant that there was insurance coverage and who the company was which issued the insurance policy. This is not at all the situation here.
As I have heretofore had occasion to state, in Curreri v. Allstate Ins. Co. (37 Misc 2d 557, 561-562): “where, as here, the issue concerns the injured rather than the insured, the problem of notice to the insurer is to be approached from a different angle. And 1 the standards by which notice by them [the injured] or on their behalf are to be judged differ from the standards by which notice by a named insured is to be judged ’ (Marcus v. London & Lancashire Ind. Co. of America, 6 A D 2d 702, 703, affd. 5 N Y 2d 961). # * * Thus, a 16 months’ delay in notice by the injured party was held reasonable where the circumstances warranted it (Lukin v. Massachusetts Bonding & Ins. Co., 28 Misc 2d 876).”
A leading case on the subject is Lauritano v. American Fid. Fire Ins. Co., where the injured plaintiff did not notify the *416 insurer of the accident and of his claim until almost 13 months after the date of the accident. The trial court held that the delay was excessive. The Appellate Division reversed (3 A D 2d 564), and the Court of Appeals affirmed the Appellate Division (4 N Y 2d 1028). Speaking for the Appellate Division, Mr. Justice Botein said (p. 568):
“All members of this court are in agreement that the standards by which the notice given by the injured party must be judged differ from those governing notice given by the insured. The statute having granted the injured person an independent right to give notice and to recover thereafter, he is not to be charged vicariously with the insured’s delay (Pitts v. Ætna Cas. & Sur. Co., 218 F. 2d 58, 62 [2d Cir., 1954], cert. denied 348 U. S. 973). When the injured party has pursued his rights with as much diligence ‘ as was reasonably possible ’ the statute shifts the risk of the insured’s delay to the compensated risk-taker who can initially accept or reject those for whom it will bear such risks.
“ The injured person’s rights must be judged by the prospects for giving notice that were afforded him, not by those available to the insured. What is reasonably possible for the insured may not be reasonably possible for the person he has injured. The passage of time does not of itself make delay unreasonable. Promptness is relative and measured by circumstance.”
I hold that, in the circumstances of this case, ‘ ‘ notice. [to Adams’ insurance carrier] was given as soon as was reasonably possible ”, and that the disclaimer by Liberty, as that carrier, was improper. Notice can hardly be given until there is knowledge of the facts upon which notice can be predicated, and the plaintiff sought to ascertain the facts with reasonable expedition and diligence.
In the language of the court, as expressed in the Lauritano case (3 A D 2d 564, 570, supra): “ Of course, it is conceivable that plaintiff could have taken other and further steps to discover the identities of the insurance companies involved at an earlier date. There are few investigative activities, when analyzed retrospectively against the background of the known facts, that will not yield up faster and more direct avenues to the truth — particularly when the investigation is pursued against obstructive tactics. But plaintiff’s efforts must be judged by the standard of what appeared reasonable at the time. Viewed in that light, plaintiff’s notice to S. S. D.’s insurers immediately upon learning their identities must be deemed to have been given as soon as it was reasonably possible for him to do so.”
*417 In my view, all the reasonably possible steps were taken by the plaintiff. Her counsel tried to notify Adams by letter and summons. He also requested a New York State motor vehicle accident report (MV 104) which would have included the name of the insurance carrier. No such report was filed by Adams, and the plaintiff was unable to make contact with Adams; and therefore the plaintiff could not find out the name of her insurance company. The defendant Liberty does not even now suggest any reasonable steps which could have been undertaken that were not in fact taken.
All the above by itself would be enough to sustain a judgment for the plaintiff but in the instant case there is an added factor which makes such a resolution of the issue even more requisite. The fact is that the defendant Liberty actually knew of the accident itself within four days after it happened, for (as I have hereinbefore noted) Howard, the other party, also insured by Liberty, notified it by way of an MV 104 report, which contained the usual information as to names and addresses of the parties involved in the accident, the passengers injured, and the automobiles and the license numbers. The defendant Liberty was thus promptly and fully able to investigate the accident, and was not put in a position where it would have to ascertain the facts of the accident months after its occurrence. The statement in Lauritano at page 571 of 3 A D 2d 564 (supra) — that an ‘ ‘ insurer can be seriously prejudiced by the failure of the insured to furnish it with a prompt report of the accident, with a description of the time, place and circumstances and the names and addresses of persons injured and of witnesses ” — has no applicability to the case at bar. For — even though, as argued by the defendant Liberty, its fifing system may not readily have lent itself to the instant corelation of the claims — I do not conceive that there could here be serious prejudice to the company. Quickly enough, since the same insurance company covered the owners of both of the motor vehicles involved in the accident, and since notice of the accident was given promptly by the owner of the vehicle in which the injured plaintiff was a passenger, there was opportunity afforded the company for investigation while the facts were still fresh, present and available.
Judgment is rendered for the plaintiff declaring that notice of the accident of October 12, 1961, was duly received by the defendant Liberty, that such notice was adequate and proper notice pursuant to the terms and conditions of the automobile liability policy issued by it to the defendant Adams, that the notice of disclaimer, dated June 5, 1963, addressed to Adams *418 by Liberty is null and void, and that coverage for the accident remains in force. Since judgment is for the plaintiff against the defendant Liberty and thus there is insurance coverage available, the complaint against the defendant MVAIC is dismissed. This opinion constitutes my decision in compliance with CPLR 4213 (subd. [b]). Settle judgment accordingly, providing for costs in favor of the plaintiff against the defendant Liberty.