**James B. SPIKES, Appellant,**

v.

**MITTRY CONSTRUCTION COMPANY,**
**Appellee.**

**No. 6703.**

United States Court of Appeals
Tenth Circuit.

Sept. 27, 1961.

Leonard L. Pickering, Albuquerque, N. M., for appellant.

1. Herein referred to as Spikes.

2. Herein referred to as Mittry.

3. Herein called the Union.

James T. Paulantis, Albuquerque, N. M. (Iden & Johnson, Albuquerque, N. M., were with him on the brief), for appellee.

Before MURRAH, Chief Judge, and PHILLIPS and HUXMAN, Circuit Judges.

HUXMAN, Circuit Judge.

This was an action by appellant, James B. Spikes,[1] against appellee, Mittry Construction Company,[2] to recover wages alleged to be due. The appeal is from a judgment of the District Court sustaining Mittry's motion for summary judgment. The court's judgment apparently was predicated on the ground that the action was barred by the Statutes of Limitation.

Mittry was engaged in the construction of a dam project under a contract with the U. S. Corps of Engineers in New Mexico. It had entered into a contract with the International Union of Operating Engineers, Local 953,[3] concerning the terms and conditions of employment of Mittry's employees on all of its work in New Mexico. Mittry, by arrangement or practice, used the Union as a source of workmen falling within certain qualifications. On August 7, 1959, pursuant to a request by Mittry to the Union, Spikes was directed by the Union to report for work to be paid at the rate of $3.50 per hour. He reported and was put to work on August 10, 1959. After working briefly, his employment was terminated. At the time of his discharge, there apparently was due him the sum of $14, which was not paid.

He filed this complaint asking judgment for wages. The complaint was filed June 20, 1960. He asked judgment for $8,834, plus $28 for each twenty-four hours, or fraction thereof, after June 20, 1960, until payment was made, together with costs and attorneys' fees. He sought this amount under Article VII, Section 1 of the contract between Mittry and the Union.[4]

4. Article VII, Section 1.
"Workmen shall be paid weekly on the job. When workmen are laid off or discharged, they shall be paid all wages

The basis of the court's judgment is not set out in the record, but apparently the reason therefor was that the action was barred by the New Mexico Statutes of Limitation. Spikes' position is that time for filing his action was governed by New Mexico Statute, 23–1–3, which provides for a period of six years for the bringing of an action founded upon contract. Mittry, on the other hand, contends that Section 59–3–4, New Mexico Statutes, 1953, which fixes a period of sixty days for the bringing of an action such as this, controls.[5]

Spikes seeks to draw a distinction between the statutory cause of action created by Section 59–3–4, New Mexico Statutes, 1953, and what he refers to as his contractual cause of action under Article VII, Section 1 of the contract between Mittry and the Union. It is not necessary to decide whether the parties, by contract, could provide for a period of limitation for the bringing of an action such as this other than that provided by the law of the State, because Article VII, Section 1 of the contract is silent as to the time within which an action for recovery of such wages must be brought. In this posture of the case, the law of New Mexico controls the time within which this kind of an action must be brought, and the only question is, if this case were filed in the State Court, would it apply the six-year Statute of Limitation or the sixty-day Statute of Limitation of Section 59–3–4.

Statutes of Limitation are enacted by states as an expression of public policy to encourage promptness in bringing actions,[6] and to do away with stale claims. While the courts of New Mexico apparently have not construed Section 59–3–4, Stat., 1953, we have no difficulty in concluding that by its passage, New Mexico declared it to be the public policy of the State that wages due employees severed from their employment should be promptly paid, and that sanctions should be imposed on employers failing to comply with its provisions. But we think it is also quite obvious that New Mexico intended that an employee seeking the benefits of the Act must act promptly and, therefore, fixed a limitation of sixty days for the institution of an action seeking the benefit of the sanctions imposed on a dilatory employer. That was just as much a part of the public policy of the State as was the provision for the prompt payment of wages.

It is immaterial whether we construe this as an action based upon the Statute or upon Article VII, Section 1, of the contract. In either event, it is an action to exact a penalty from an employer for failure to promptly pay wages, and the penalty provided for in the contract is the same as that provided for in the Statute.

due them at time of layoff or discharge. If employee is discharged, not during office hours, he shall be paid the first morning following that the office is open. If workman so requests, check will be mailed to him.

"Employees quitting shall be paid all wages due them on or before the next weekly pay day. Failure of employer to meet these conditions shall result in additional pay being due workman based on eight (8) hours straight time for each 24 hours, or fraction thereof, during which payment is withheld."

5. Section 59–3–4, New Mexico Statutes, 1953.
    Section 4. Discharged Employees.
    "Whenever an employer discharges an employee, the unpaid wages or compensation of such employee, where such wages are a fixed and definite amount * * *

the unpaid wages of such employee upon demand shall become due immediately, and the employer shall pay such wages to the employee within five days of such discharge.

" * * * In case of failure to pay wages or compensation due and employee within the time hereinbefore fixed, the wages and compensation of such employee shall continue from the date of discharge until paid at the same rate the said employee received at the time of discharge, and may be recovered in a civil action brought by the employee. Any such action must be commenced within sixty (60) days from the date of discharge; * * *."

6. Titus v. Wells Fargo Bank & Union Trust Co., 5 Cir., 134 F.2d 223; 34 Am. Jur., 320.

We think the court correctly concluded that the sixty-day statute of limitation controlled such an action, and not being filed within that time, the court correctly sustained the motion to dismiss.

Affirmed.