413 P.2d 693

**Hugh IRVIN, Plaintiff-Appellant,**

v.

**RAINBO BAKING COMPANY, Employer, and Royal Indemnity Company, Insurer, Defendants-Appellees.**

**No. 7780.**

Supreme Court of New Mexico.

April 25, 1966.

McAtee, Toulouse, Marchiondo, Ruud & Gallagher, Mary C. Walters, Albuquerque, for appellant.

Rodey, Dickason, Sloan, Akin & Robb, Duane C. Gilkey, James C. Ritchie, Albuquerque, for appellees.

NOBLE, Justice.

Hugh Irvin has appealed from a judgment denying his claim for workmen's compensation.

A baker by trade, Irvin, employed by Rainbo Baking Company, asserts that some

time during 1960 a roll of wrapping paper fell on the inside of his right elbow causing pain and soreness, and eventually the loss of use of his right hand to the extent that he is unable to write. The trial court found that he failed to give notice of an accidental injury within either thirty or sixty days; that the action is barred by the statute of limitations; that the injury is not latent; and, that there is no causal connection between the claimed accident and the inability to use his hand.

■ The employer denied that the claimant's disability is a direct and natural result of the claimed accident. When there is such denial, § 59–10–13.3, N.M.S.A.1953 requires the claimant, as a condition to recovery, to establish such causal connection as a medical probability by expert medical testimony. Specifically, the court found:

"14. That the functional disuse of the right hand suffered by the plaintiff manifested by his inability to write was not caused by the blow sustained by the plaintiff to the inside of his right arm at the elbow when a roll of paper fell upon it some time in the year 1960 prior to October 24, 1960."

and concluded:

"5. That there was no causal connection as a medical probability between the alleged accident involving the fall of the roll of paper some time during the year 1960 prior to October 24 of that year, and

the inability to write with the right hand experienced by the plaintiff and outwardly manifested by involuntary pronation of the right arm and flexion of the right hand."

■ It follows, of course, that if the finding has substantial support in the evidence, the judgment must be affirmed. The claimant recognizes that in testing the sufficiency of the evidence to sustain the findings, all conflicts must be resolved in favor of the successful party and all evidence and inferences to the contrary must be disregarded. Watson v. Western Cas. & Surety Co., 72 N.M. 250, 382 P.2d 723; Sauter v. St. Michael's College, 70 N.M. 380, 374 P.2d 134; Little v. Johnson, 56 N.M. 232, 242 P.2d 1000. He agrees that the testimony of Dr. Mora, a medical doctor specializing in neuro-surgery, supports the court's finding of lack of causal connection, but he argues that his medical opinion, contrary to the opinions of other practitioners, some of whom are specialists in the field, simply does not meet the test of "substantial evidence."

Los Alamos Medical Center v. Coe, 58 N.M. 686, 275 P.2d 175, 50 A.L.R.2d 1033, was concerned with whether the general practitioners of medicine and surgery were qualified to express an opinion respecting addiction to drugs and whether such testimony contrary to that of specialists in drug addiction constituted substantial evidence to

support a verdict. We not only said that such general practitioners were qualified to testify, but that:

" * * * it was within the province of the jury to evaluate and choose between the views of the experts on this question, and we are not in a position to disturb the jury's finding of addiction."

See, also, Yates v. Matthews, 71 N.M. 451, 379 P.2d 441, where we said that the trier of the facts must resolve disagreements between the opinions of one or more experts expressing an opinion one way and others expressing a contrary opinion; also, Williams v. Skousen Construction Company, 73 N.M. 271, 387 P.2d 590.

In addition to the conflicting medical opinions, a fellow employee testified that prior to the claimed injury to the arm the claimant was unable to lift with his right arm. We conclude that the finding of lack of causal connection between claimant's disability and the claimed accidental injury is substantially supported by the evidence and, consequently, will not be disturbed. That issue is determinative of this appeal and it, therefore, becomes unnecessary to discuss other questions briefed and argued.

The judgment should be affirmed, and it is so ordered.

MOISE and COMPTON, JJ., concur.