SPIESS, C. J., and WOOD, J., concur.

477 P.2d 1016

**Bill H. WOOD, Plaintiff-Appellant,**

v.

**M. C. GANDY, dba Gandy Pumping Service and the Northern Assurance Company of America, Defendants-Appellees.**

**No. 531.**

Court of Appeals of New Mexico.

Dec. 4, 1970.

L. George Schubert, Hobbs, for plaintiff-appellant.

Ray C. Cowan, Girand, Cowan & Richards, Hobbs, for defendants-appellees.

OPINION

SPIESS, Chief Judge.

This appeal is brought by plaintiff, Bill H. Wood, from a judgment denying his claim for workmen's compensation. Questions presented relate to the exclusion of evidence and the sufficiency of the evidence to support the findings of the trial court. We affirm the judgment.

Plaintiff, an employee of defendant, M. C. Gandy, operated a hot oil unit which was used to test the tubing in oil wells. The unit consisted of pumps, a tank and other equipment mounted on a truck. Plaintiff was sent with the unit to test a particular well known as Coastal State Well No. 1. He heated the material in the tank which

consisted·of oil, brine, and an unidentified chemical, and proceeded to the well which was to be tested.

As plaintiff prepared the unit for service at the well, he noticed an odor of gas; he then collapsed. Plaintiff testified that he could crawl on his hands and knees, but that he could not stand erect. He alleged, and undertook to prove, that he suffered an injury arising out of an accident which occurred in the course of his employment. Specifically, his contention is that he suffered· injuries caused by inhaling hydrogen sulfide gas which was emitted from the tank. The trial court made the following findings of fact:

"1. That the plaintiff was employed as a hot-oil unit operator by defendant M. C. Gandy, d/b/a Gandy Pumping Service, on September 22, 1968 on a job in Lea County, New Mexico.

2. That the plaintiff did not suffer an injury to his lungs and respiratory system arising out of an accident which occurred in the course of his employment while working for defendant M. C. Gandy, d/b/a Gandy Pumping Service, on or about September 22, 1968, as alleged in his Complaint.

3. That the plaintiff did not suffer a compensable injury while employed by M. C. Gandy, d/b/a Gandy Pumping Service, on or about September 22, 1968.

4. That the plaintiff was not injured by accident arising out of and in the course of his employment with defendant M. C. Gandy, d/b/a Gandy Pumping Service, on or about September 22, 1968.

5. That the plaintiff's alleged disability is not a natural and direct result of an accident arising out of his employment with M. C. Gandy, d/b/a Gandy Pumping Service, on or about September 22, 1968.

6. That Plaintiff's disability, if any, is the result of a cerebral vascular accident, or stroke, due to his hypertension rather than an accidental injury arising out of his employment with deefendant [sic] M. C. Gandy, d/b/a Gandy Pumping Service, on or about September 22, 1968."

Judgment was accordingly entered denying the plaintiff's claim.

We are called upon to determine (1) whether the trial court committed reversible error in not permitting a chemist to testify as to the effects of hydrogen sulfide on the human body, and (2) whether the findings of the trial court have substantial support in the evidence.

One of plaintiff's witnesses, a chemist, testified that hydrogen sulfide would, have formed in the tank, and upon heating it together with other, lighter gases "would be driven off". The chemist further testified that hydrogen sulfide was a toxic gas, was "extremely hazardous and poisonous." This witness was not permitted to testify as to the effects of the particular gas on the human body upon the grounds that the witness had not been qualified as a medical expert.

A Dr. Lovin, called by plaintiff, testified· that he was familiar with the qualities of hydrogen sulfide and that it was toxic to the body. He said with reference·to the gas:

"I know it [hydrogen sulfide] is toxic to the body. * * *"

This particular witness also testified, in substance, that plaintiff's condition was probably caused by inhaling the gas· emitted from the tank.

The testimony of a Dr. Smith was likewise presented by plaintiff. He stated:

"It was my impression that this patient had hypertension, and was being treated, and that he had a toxic labyrinthitis, most

likely associated with sinusitis, and toxic reaction from exposure to the gas."

The fact that hydrogen sulfide gas is toxic to the human body was shown by medical testimony. Further, the fact was uncontradicted. Consequently, if the exclusion of the evidence of the chemist on this point was error, which we do not decide, it was nonetheless harmless, and would not support a reversal of the judgment. Crouch v. Most, 78 N.M. 406, 432 P.2d 250 (1967); Palatine Ins. Co. v. Santa Fe Mercantile Co., 13 N.M. 241, 82 P. 363 (1905); Bolen v. Rio Rancho Estates, Inc., 81 N.M. 307, 466 P.2d 873 (Ct.App.1970).

■ Appellant next questions the sufficiency of the evidence to support the findings of fact of the trial court.

It is well settled in this jurisdiction that facts found by the trial court are the facts upon which the case rests upon appeal, and are binding upon this court unless set aside as not supported by substantial evidence. Martinez v. Sears, Roebuck and Co., 81 N.M. 371, 467 P.2d 37 (Ct.App.1970), cert. denied April 14, 1970; Lopez v. Schultz & Lindsay Construction Company, 79 N.M. 485, 444 P.2d 996 (Ct.App.1968), cert. denied 79 N.M. 448, 444 P.2d 775; Taylor v. McBee, 78 N.M. 503, 433 P.2d 88 (Ct.App. 1967), cert. denied November 1, 1967.

In considering claimant's assertion that the evidence does not substantially support material findings of fact, this court must view the evidence, together with all reasonable inferences to be deducible therefrom, in the light most favorable to the successful party; all evidence to the contrary must be disregarded. Lucero v. Los Alamos Constructors, Inc., 79 N.M. 789, 450 P.2d 198 (Ct.App.1969); Corzine v. Sears, Roebuck and Company, 80 N.M. 418, 456 P.2d 892 (Ct.App.1969), cert. denied 80 N.M. 388, 456 P.2d 221 (1969).

Where there is a conflict in the evidence, the weight to be given to the testimony and credibility of the witnesses is for the trier of facts and not for this court. Irvin v. Rainbo Baking Company, 76 N.M. 213, 413 P.2d 693 (1966); Mares v. City of Clovis, 79 N.M. 759, 449 P.2d 667 (Ct.App.1968). The record discloses that the following testimony of Dr. Strolc was introduced by defendant.

"Q  Doctor, based upon the history that he gave you, and the examination you have described, do you have an opinion of the reasonable medical probability as to whether or not Mr. Wood, on September 23, 1968, had a cerebral vascular accident, or stroke due to pre-existing hypertension, rather than toxic involvement from gas?

A  My opinion is this fellow had a probable cerebral vascular accident.

Q  Doctor, based upon the history given you by Mr. Wood, and the examination you have testified to, do you have an opinion as a reasonable medical probability, as to the causal connection between his present complaints, or findings, or his complaints and findings at the time you examined him, both objective and subjective, and the gas inhalation accident he described occurring on or about September 23, 1968, in Lea County, New Mexico, while employed by Gandy Pumping Service?

A  Do I have an opinion?

Q  Yes, sir, as to the reasonable probability as to the causal connection between his present complaints and findings, and the incident he described as happening?

A  I feel that the man has had a probable cerebral vascular accident due to his hypertension that he has had."

The findings challenged by plaintiff have substantial support and will not be disturbed. Gallegos v. Kennedy, 79 N.M. 590, 446 P.2d

642 (1968); Renfro v. San Juan Hospital, Inc., 75 N.M. 235, 403 P.2d 681 (1965).

Judgment is accordingly affirmed.

It is so ordered.

WOOD and HENDLEY, JJ., concur.