571 P.2d 410

**In the Matter of the ESTATE of James C. FARRINGTON, Deceased.**

**L. Catherine FARRINGTON, Individually, Claimant-Appellant,**

v.

**L. Catherine FARRINGTON, Administratrix-Appellee.**

**No. 11326.**

Supreme Court of New Mexico.

Nov. 22, 1977.

Rodey, Dickason, Sloan, Akin & Robb, William C. Schaab, Albuquerque, for appellant.

Robinson, Stevens & Wainwright, William J. Lock, Paul W. Robinson, John W. Higgins, Albuquerque, for appellee.

## OPINION

SOSA, Justice.

This case involves a dispute between the decedent's widow (appellant) and the children of his previous marriage (appellees) concerning the widow's claim of a community property interest in the decedent's property acquired before marriage. The appellant filed a claim asserting her community property interest. in the separate property and the appellees opposed it. After a trial without a jury, the district court (Judge Ryan) decided that the appellant was not entitled to any community property interest in the separate estate and dismissed her claim. She then brought this appeal.

The decedent, James C. Farrington, died intestate on March 21, 1976, and his widow was appointed administratrix of his estate on March 26, 1976.

The decedent's four children from a previous marriage, one of whom was appointed co-administratrix, then came forth and filed a copy of an antenuptial agreement dated February 10, 1965. On July 20, 1976, the appellant then filed a claim as decedent's widow and intestate successor to the community estate under § 29–1–9, N.M.S.A. 1953 (Supp.1975) to protect her right to assert her community property interest in the decedent's separate property.

In attempting to prove her claim, the appellant asserted that the decedent devoted his full-time service to his separate property—which included a subdivision in the Manzano Mountains of Torrance County—and that, as a matter of law, all earnings attributable to such activities became community property. To support this assertion, the appellant offered an expert witness to

prove that the decedent's services were worth $25,000 per year and that the community had received only minor compensation therefor. However, the court, finding the witness not to be an expert in such matters, excluded his testimony. She then tried to prove that the receipts from sales and management which accrued to the separate property were due to the decedent's and widow's efforts and that the community never received the benefits from such services.

The questions considered are: Does the antenuptial agreement preclude the appellant from asserting an interest in the decedent's separate estate; and, does there exist substantial evidence to sustain the trial court's findings?

In addressing the appellant's contention that the decedent devoted his full-time service to his separate property and, that as a matter of law, all earnings attributable to these activities became community property, we need only state that the fact-finder found otherwise.

The judge found that the antenuptial agreement was unambiguous and was understood by both the appellant and the decedent; the spouses agreed to have the income and profits from their respective separate estates remain outside the community; and the receipts from the decedent's separate property resulted not from his activities, but rather, from his capital investment with his separate funds and also from the natural appreciation of the land.

In order for any finding of fact to be overturned, there must be a showing of lack of substantial evidence. *Cone v. Amoco Production Company*, 87 N.M. 294, 532 P.2d 590 (1975). As this Court stated in *Tome Land & Improvement Co. v. Silva*, 83 N.M. 549, 552, 494 P.2d 962, 965 (1972),

> It is well settled in New Mexico that the appellate court will not substitute its judgment for that of the trial court in weighing the evidence. If the trial court's findings are supported by substantial evidence, they must be affirmed. *Cave v. Cave*, 81 N.M. 797, 474 P.2d 480 (1970). Substantial evidence means such

relevant evidence as a reasonable mind might find adequate to support a conclusion. *Cave v. Cave, supra.*

Additionally, it has been stated that "in testing the sufficiency of the evidence to sustain the findings, all conflicts must be resolved in favor of the successful party and all evidence and inferences to the contrary must be disregarded." *Irvin v. Rainbo Baking Company*, 76 N.M. 213, 214, 413 P.2d 693, 694 (1966), *Watson v. Western Casualty & Surety Co.*, 72 N.M. 250, 382 P.2d 723 (1963).

Since the judge found that the antenuptial agreement was valid and binding on the appellant and that the receipts from the separate property resulted from the decedent's capital investment with his own funds, then the appellant's contention, that the decedent's services to his separate property deprived the community, is without merit. To allow the appellant to prevail on her argument would fly in the face of the antenuptial agreement and the findings of fact; and we can find nothing in the record that sustains the appellant's contention that the findings were unsupported by substantial evidence. The conclusions reached were reasonable and not based on conjecture nor speculation and were adequately supported by the trial record. If we were to rule for the appellant we would, in essence, be retrying the case; and it is well stated that "the appellate court must restrict itself to determination of questions of law and leave factual determinations to the trial court, or jury." *Terrel v. Lowdermilk*, 74 N.M. 135, 141, 391 P.2d 419, 424 (1964).

One last point needs to be addressed. The appellant offered the testimony of an expert witness to prove that the decedent's services to his separate property should be valued at $25,000 per year and therefore, as a matter of law, the community should have been benefited by this amount multiplied by the number of years the decedent devoted his services to the separate property.

The parties stipulated to the witness' qualifications as an expert real estate appraiser; however, the trial court refused to allow the witness to testify with respect to the value of real estate services performed by people in the real estate business.

It has frequently been observed by this Court that:

The trial court has wide discretion in determining whether one offered as an expert witness is competent or qualified to give an opinion on any given subject or proposition, and the court's determination of this question will not be disturbed on appeal, unless there has been an abuse of this discretion. (citations omitted).

*Wood v. Citizens Standard Life Insurance Company,* 82 N.M. 271, 273, 480 P.2d 161, 163 (1971). In the case at bar, the trial court ruled that the witness was not qualified to give an opinion as to the value of services of real estate professionals. The appellee's point is well taken that while a witness may be an expert in one field he may not necessarily be an expert in another. We therefore decide that, upon conclusion of the judge's voir dire of the proffered witness, he did not abuse his discretion in excluding the witness from testifying as an expert.

There being substantial evidence to sustain the court's findings, the appellant's assertions have no merit.

The trial court is affirmed.

McMANUS, C. J., and EASLEY, J., concur.