573 P.2d 1205

Jackie C. STACY and Mary Lou Stacy, his wife, and Harold G. Stacy and Emilie Stacy, his wife, Plaintiffs-Appellees,

v.

Audrey C. SIMPSON, Dorothy Beimer and Gary Beimer, Defendants-Appellants,

v.

Opal SIMPSON, Bob Simpson, E. E. Gardner, Leila Mae Gardner, aka Lelama C. Gardner, and Jessie O. Flack, Ancillary Executrix of the Last Will and Testament and Codicil thereto of Mrs. Clark Ranney, Deceased, Defendants-Appellees.

Jackie C. STACY and Mary Lou Stacy, his wife, and Harold G. Stacy and Emilie Stacy, his wife, Plaintiffs-Appellees,

v.

E. E. GARDNER et al., Defendants-Appellants,

v.

Dorothy BEIMER, Gary Beimer and Mrs. Audrey C. Simpson, Defendants-Appellees.

Nos. 11225, 11244.

Supreme Court of New Mexico.

Jan. 27, 1978.

Karelitz & Flores, Leon Karelitz, Las Vegas, for appellants in No. 11225.

Blattman & Harris, Jay G. Harris, Las Vegas, for appellants in No. 11244.

Jones, Gallegos, Snead & Wertheim, John A. Jacobson, Santa Fe, Law Offices of H. E. Blattman, Jay G. Harris, Las Vegas, for appellees in No. 11225.

Jones, Gallegos, Snead & Wertheim, John A. Jacobson, Santa Fe, for Karelitz & Flores, Leon Karelitz, Las Vegas, for appellees in No. 11244.

## OPINION

REESE, District Judge.

This case arises out of a quiet title suit filed by plaintiffs against the defendants, adjoining land owners. Plaintiffs claim title from a United States patent to Windsor M. Nelson dated October 23, 1900 conveying

Lot 2, NW ¼ SE ¼, NE ¼ SW ¼, and SE ¼ NW ¼, Section 23, Township 16 North, Range 14 East, N.M.P.M. The patent was based on an 1883 United States government survey, and Nelson hired a private land surveyor to survey his lands in 1896. After a rechecking of this survey, a Mr. Rice prepared a plat for Nelson on March 21, 1908. At this time Nelson erected a boundary line fence along the southern boundary of his property pursuant to the surveys and plats.

The controversy arises as a result of differences in government resurveys of 1912 through 1913 and again in 1917. The resurveys attempted to shorten the east line of Section 23.

Plaintiffs are the successors in interest of the patented property from Windsor M. Nelson and at all times have claimed, possessed, and exercised dominion and control over the above-described property within the original fence line boundaries. The plaintiffs and their predecessors paid the taxes on the entire property within the fence boundaries from 1912 through 1975.

In 1958 the predecessors in title to the defendant Jessie O. Flack, executrix of the estate of Mrs. Clark Ranney, filed a quiet title action against plaintiffs' predecessors in title in San Miguel County. That suit involved part of the disputed property in this trial. The court therein entered partial judgment in favor of plaintiffs' predecessors against the Ranney claims. The partial entry of judgment is attacked by the Ranney interests as failing to comply with the then existing rule 54(b) of the New Mexico Rules of Civil Procedure. See § 21–1–1(54)(b), N.M.S.A.1953 amendments. They claim the court failed to make an express determination that there was no just reason for delay and also failed to expressly direct the entry of the judgment. Mrs. Ranney further attacks the res judicata application of the decree on the grounds that she was not a party to the suit even though the suit was against her predecessor in title.

■ Appellants first attack the trial court's finding of plaintiffs' title by adverse possession on the grounds that it does not trace back to the patent. The argument springs from technical attacks upon the decree in the Windsor M. Nelson probate. At the very least, the decree from the probate proceeding gave plaintiffs sufficient "color of title" to meet the requirements of adverse possession.

■ Appellants' second point is that the trial court erred in finding that the south boundary fence established in 1908 was in fact on the subdivision line dividing the N ½ S ½ from the S ½ S ½ of Section 23. There is substantial evidence in the record from the testimony and evidence to support this finding, although there is conflicting evidence proffered by defendants. This Court is bound by the findings of the trial court based upon substantial evidence. *Matter of Estate of Farrington*, 91 N.M. 143, 571 P.2d 410 (1977); *Cone v. Amoco Production Company*, 87 N.M. 294, 532 P.2d 590 (1975); *Tome Land & Improvement Co. v. Silva*, 83 N.M. 549, 494 P.2d 962 (1972).

■ In addition to its finding, based on substantial evidence, that the plaintiffs were entitled to the land by adverse possession, the trial court correctly ruled that the plaintiffs were entitled to the land under the laws governing resurveys of patented lands. In the case of *Velasquez v. Cox*, 50 N.M. 338, 176 P.2d 909 (1946), this Court held that "no resurvey by the government can change the lines of the original survey to the prejudice of private rights acquired in good faith in reliance on the integrity of the original survey." *Velasquez, id.*, at 346, 176 P.2d at 914.

■ Because the subject matter in the prior suit was the same and because the parties in that suit are in privity with the Stacys and Mrs. Ranney, the trial court correctly barred the Ranney claim.

The court's finding that the plaintiffs had established their title by adverse possession against the Gardners, Ranneys, and Simpsons is supported by substantial evidence and will not be disturbed by this Court.

The trial court, however, erred in holding that the plaintiffs were entitled to possession under § 23–1–21, N.M.S.A.1953 (Supp.1975). This Court has previously held that this statute only applies to lands that were part of a Spanish or Mexican land grant. *Christmas v. Cowden*, 44 N.M. 517, 105 P.2d 484 (1940); *Ward v. Rodriguez*, 43 N.M. 191, 88 P.2d 277 (1939). But this does not call for a reversal; the trial court correctly found that plaintiffs are entitled to possession under § 23–1–22, N.M.S.A.1953 (Supp.1975).

The judgment of the trial court is affirmed.

IT IS SO ORDERED.

SOSA and PAYNE, JJ., concur.