904 P.2d 52

**Carol WOLF and John Cusolito, Plaintiffs–Appellees,**

v.

**SAM'S TOWN FURNITURE, INC., Defendant–Appellant.**

No. 16303.

Court of Appeals of New Mexico.

Sept. 11, 1995.

Earl Mettler, Mettler & Lecuyer, P.C., Albuquerque, for Plaintiffs–Appellees.

Jane Bloom Yohalem, The Law Offices of Simon & Oppenheimer, Santa Fe, Val R. Jolley, Tully & Jolley, Farmington, for Defendant–Appellant.

## OPINION

FLORES, Judge.

1. This is the second appeal by Sam's Town Furniture, Inc. (Sam's Town) in this case. On remand from our Supreme Court after the first appeal, the trial court addressed the question of whether a penalty, pursuant to NMSA 1978, Section 50–4–4 (Repl.Pamp.1993), should be imposed on Sam's Town and awarded to Carol Wolf and John Cusolito (Plaintiffs) for failure by Sam's Town to pay accrued vacation time upon discharge. The trial court awarded each Plaintiff $1,384.62 for unpaid vacation time,

$6,000 as a penalty under Section 50–4–4, and prejudgment interest at ten percent. Sam's Town appeals from the trial court's judgment on remand. On appeal, Sam's Town raises two basic contentions: (1) that, because it gave Plaintiffs written notice of wages conceded to be due and unconditionally paid that amount, no penalty is due for any disputed vacation time; and (2) that, even if a penalty is owed, the penalty is the vacation pay accrued in the sixty-day period following discharge, not continued wages for sixty days. We affirm.

## FACTUAL BACKGROUND

2. Plaintiffs were employed by Sam's Town, a furniture and appliance business. Sam's Town was a closely held corporation owned by a husband and wife, Steven and Charlotte Blevins. Steven Blevins was the president and chief executive officer of Sam's Town. Plaintiffs are relatives of Steven Blevins.

3. In July 1990, Charlotte Blevins filed a divorce proceeding against Steven Blevins. In January 1991, the court handling the divorce, in an effort to protect the community assets, removed Steven Blevins as president and chief executive officer of Sam's Town. The divorce court then gave Charlotte Blevins authority to manage Sam's Town and to protect the corporate assets. On January 19, 1991, Charlotte Blevins took control of Sam's Town. At that time, and at the request of Charlotte Blevins, Plaintiffs left the corporation's premises and never returned to work.

4. Thereafter, on February 1, 1991, Plaintiffs made a written demand upon Sam's Town for their "final pay checks, due and payable February 1, 1991, to include accumulated vacation time." The amount of wages due was not disputed, and Sam's Town paid Plaintiffs for wages owed through January 19, 1991. However, Sam's Town denied Plaintiffs' claim that they were entitled to compensation for unused vacation time. Sam's Town determined that Plaintiffs had used up their accrued vacation time and therefore were not entitled to any vacation payments. Plaintiffs' position was that the time taken off by them was, under an agreement with Steven Blevins, compensatory

time, allowed for extra hours of work, and not vacation time. The trial court agreed with Plaintiffs' position and held in its judgment on remand that Sam's Town owed each Plaintiff $6,000 as the Section 50–4–4 statutory penalty of sixty days continued wages based on Sam's Town's failure to pay Plaintiffs' vacation time at the time of discharge.

*DISCUSSION*

■ 5. We first address Plaintiffs' contention that Sam's Town failed to preserve its argument under its first contention, relating to notice pursuant to NMSA 1978, Section 50–4–7 (Repl.Pamp.1993). Section 50–4–7 states:

> In case of dispute over wages, the employer shall give written notice to the employee of the amount of wages which he concedes to be due, and shall pay such amount, without condition, within the times fixed by this act [50–4–1 to 50–4–12 NMSA 1978]. The acceptance by the employee of any payment so made, shall not constitute a release as to the balance of his claim. The provisions of Section 4 [50–4–4 NMSA 1978] shall not be applicable in cases arising under this section, except as herein provided.

6. Plaintiffs contend that (1) Sam's Town first mentioned Section 50–4–7 in a memorandum after the hearing on remand and that the trial court never ruled on this issue, and (2) the application of this statute necessarily involves the facts of the case, and Sam's Town never tried the underlying facts or requested findings relevant to this issue. We do not agree with Plaintiffs' preservation argument.

7. First, we determine that Sam's Town raised this issue prior to the trial court's decision and entry of judgment. Thus, the trial court had an opportunity to rule on the issue. *See* SCRA 1986, 1–046 (Repl.1992) (preserving questions for review); SCRA 1986, 12–216(A) (Cum.Supp.1994) (scope of review); *Woolwine v. Furr's, Inc.,* 106 N.M. 492, 496, 745 P.2d 717, 721 (Ct.App.1987) ("To preserve an issue for review on appeal, it must appear that appellant fairly invoked a ruling of the trial court on the same grounds argued in the appellate court.").

8. Second, the essential facts necessary to support Sam's Town's Section 50–4–7 argument are uncontradicted, and the issue presented for review is one of law—the type of issue properly reviewed by appellate courts. *See In re Estate of Farrington,* 91 N.M. 143, 145, 571 P.2d 410, 412 (1977). The essential undisputed facts are that: (1) Sam's Town did not know at the time of Plaintiffs' demand for vacation pay that Steven Blevins had agreed to allow Plaintiffs to take compensatory time rather than vacation time; (2) Sam's Town issued a payroll check for the amount of wages which were undisputed; (3) the amount of the check was for Plaintiffs' full pay due through January 19, 1991, the date Plaintiffs were discharged, without the additional amount for any unused vacation time; (4) the payroll amount was paid with no conditions attached; and (5) the check did not note the nature of the dispute.

9. Accordingly, we address this issue on its merits. Thus, the question of law presented for review on this issue is whether an unconditional check for the amount which was undisputed, without an explicit written statement of the dispute, is sufficient to satisfy the requirements of Section 50–4–7. We decide that it is not.

*Contention I*

■ 10. Sam's Town argues that pursuant to Section 50–4–7, it gave Plaintiffs written notice of wages conceded to be due and unconditionally paid that amount, therefore, no penalty is due for any disputed vacation pay.

11. In addressing Sam's Town's argument on this issue, we examine Section 50–4–7 together with Section 50–4–4. Section 50–4–4 requires that wages and other compensation due employees upon discharge from employment should be promptly paid and imposes a penalty on employers who fail to comply with the statute. Specifically, this statute provides:

> A. Whenever an employer discharges an employee, the unpaid wages or compensation of such employee, if a fixed and definite amount, and not based on a task, piece, commission basis or other method of

calculation, shall, upon demand become due immediately, and the employer shall pay such wages to the employee within five days of such discharge.

B. In all other cases of discharged employees the settlement and payment of wages or compensation shall be made within ten days of such discharge.

C. In case of failure to pay wages or compensation due an employee within the time hereinbefore fixed, the wages and compensation of the employee shall continue from the date of discharge until paid at the same rate the employee received at the time of discharge, and may be recovered in a civil action brought by the employee; provided that the employee shall not be entitled to recover any wages or compensation for any period subsequent to the date of discharge unless he pleads in his complaint and establishes that he made demand within a reasonable time upon his employer at the place designated for payment and payment was refused, provided further that the employee shall not be entitled to recover any wages or compensation for any period subsequent to the sixtieth day after the date of discharge.

12. Section 50–4–7 exempts from the penalty provision of Section 50–4–4 wages or compensation which are in dispute between the employer and the employee if certain conditions are met. In this regard, we determine that there was a dispute between Sam's Town and Plaintiffs relating to the amount of wages or compensation due the Plaintiffs. Section 50–4–7 limits the Section 50–4–4 penalty to an employer's failure to pay amounts which are conceded to be due the employee. If the employer provides the employee written notice of the amount conceded to be due and pays that amount without condition, the Section 50–4–4 penalty is not applicable.

13. Here, Sam's Town failed to show that it had met the statutory conditions of Section 50–4–7 in order to exempt it from the penalty provision of Section 50–4–4. First, the record fails to show that Sam's Town paid the amount conceded to be due within the times specified by Section 50–4–4. Sam's Town failed to show that it paid these amounts within the five or ten-day period required by

Section 50–4–4(A) and (B). Second, Sam's Town failed to show that it gave Plaintiffs written notice of the amount of wages which it conceded to be due as required by Section 50–4–7. Sam's Town takes the position that its payroll check to Plaintiffs for undisputed wages was notice under Section 50–4–7. We do not agree. The statute clearly and plainly states that "[i]n case of dispute over wages, the employer shall give written notice to the employee of the amount of wages which he concedes to be due, and shall pay such amount, without condition, within the times fixed by this act." Section 50–4–7; *see Gonzales v. Public Employees Retirement Bd.,* 114 N.M. 420, 424, 839 P.2d 630, 634 (Ct. App.) (where statutory provision is clear and unambiguous, courts are bound by its plain meaning), *cert. denied,* 114 N.M. 227, 836 P.2d 1248 (1992). In this instance, Sam's Town did not comply with this statutory provision.

*Contention II*

▪ 14. Sam's Town next argues that even if it owes a penalty, the penalty imposed should be the vacation pay accrued in the sixty-day period following Plaintiffs' discharge, not continued wages for sixty days. Sam's Town contends that Section 50–4–4 distinguishes between wages or compensation of a "fixed and definite amount," and wages and compensation "based on a task, piece, commission basis or other method of calculation." Section 50–4–4(A); *see also* § 50–4–4(B). It further contends that here the vacation pay is compensation which must be calculated; it is not fixed or definite and, as such, the penalty due is payment for the vacation days which accrued in the sixty-day period following discharge and not sixty-days full back wages. We do not agree.

▪ 15. By enacting Section 50–4–4, the legislature declared the public policy of New Mexico to be that wages due employees upon discharge from their employment should be promptly paid. *See Spikes v. Mittry Constr. Co.,* 295 F.2d 207, 208 (10th Cir.1961) (discussing Section 59–3–4, the predecessor statute to Section 50–4–4). To ensure compliance with this policy, Section 50–4–4 imposes a substantial penalty on delinquent employ-

ers. As previously noted, that statute provides that *both* "wages and compensation shall continue from the date of discharge" not to exceed sixty days.

16. The statute clearly states that failure to pay one component of what is due an employee invokes the penalty of continuation of all compensation due, until payment is made or until the sixty-day limitation is reached. In this appeal, we believe this would include *both* wages and vacation pay.

17. Nonetheless, in support of its argument on this issue, Sam's Town relies heavily on *Litteral v. Singer Business Machines Co.,* 87 N.M. 365, 533 P.2d 754 (1975). We find *Litteral* distinguishable from the instant case and, on balance, contrary to Sam's Town's position.

18. In *Litteral,* our Supreme Court considered each class of wages or compensation separately: "(1) those fixed and definite in amount, and (2) those not fixed and definite in amount." *Id.* at 367, 533 P.2d at 756. The Court held that where the employer paid fixed amounts of compensation but did not pay an indefinite component of compensation (commissions), the penalty[1] imposed on an employee would be limited to the rate of earning the indefinite part only.

19. Sam's Town argues that *Litteral* controls in this case because accrued vacation is in the class of compensation components that are not fixed and definite. We do not agree. In *Litteral,* accrued vacation time paid to the employee at the time of discharge was part of the class of fixed and definite compensation, along with employee's wages. On the other hand, the commissions were not fixed and definite. Our Supreme Court stated in *Litteral:*

> [Employee's] fixed wage was $180.00 per week.... In addition, he received quarterly commissions on maintenance contracts. These commissions varied, but the trial court found that they would have been approximately $150.00.... Upon his discharge, he was paid his fixed weekly wage for work performed, for the period he was

entitled to notice of discharge, *and for accrued vacation.*

*Id.* at 365–66, 533 P.2d 754–55 (emphasis added).

20. We believe that our Supreme Court's classification of wages or compensation that are "fixed and definite in amount" and those that are not is based on whether a category of compensation is variable or uncertain in amount when an employee makes demand for payment. Accordingly, the Court in *Litteral* noted that the commissions component of employee's compensation "varied" from work period to work period. *Id.* at 367, 533 P.2d at 756. Wages and accrued vacation, on the other hand, are based simply upon time worked or time employed, multiplied by a rate of pay or rate of accrual. No element of the formula is inherently uncertain or variable. We believe that the analysis of the Court in *Litteral* was that wages and unpaid accrued vacation were in the fixed and definite category, and commissions were not. In this same vein, we agree with Plaintiffs' position that the determining factor in classifying items of compensation is whether the amount is fixed and definite, as opposed to variable, and not "the method of calculation or computation" as advanced by Sam's Town.

21. Section 50–4–4 includes task, piece, and commission basis compensation as categories of compensation for which the employer is given ten days to pay. In this regard, we also agree with Plaintiffs that: (1) payment on a task basis may require investigation and a determination as to how much of a task was completed in any given period; (2) payment on a piece basis will be variable, since the number of pieces produced will vary from period to period; and (3) payment on a commission basis will vary as sales vary from period to period, and credit for some sales may have to be apportioned between different employees involved in the sales. Hence, these categories of compensation are not fixed and definite, but rather depend upon elements that are inherently variable.

22. In contrast, payment of accrued vacation does not depend upon a variable ele-

---

1. We note that the penalty provision of the statute in effect at the time *Litteral* was decided, NMSA 1953, 2d Repl.Vol. 9 (1974), § 59–3–4, did not contain the sixty-days maximum penalty period limitation, now found in Section 50–4–4.

ment, any more than does payment of wages. Wages are based upon time worked, multiplied by rate of pay. Accrued vacation is based upon vacation time earned, multiplied by rate of pay. Although some amount of calculation is involved in determining wage and accrued vacation, such payments are essentially fixed and definite, as opposed to commissions, tasks, or piece work. In fact, almost every payment of wages or compensation will involve some degree and method of calculation. Ordinary wages and accrued vacation are calculated on a time basis, as distinguished from a piece, task, or commissions basis. Calculations based upon time are generally fixed and definite, while calculations based upon task, piece, or commission work are not. It is not the fact that a method of calculation is used that is controlling, but rather the nature of the elements involved in the calculation. Wages and accrued vacation are fixed and definite, not because they require no method of calculation, but rather because they are calculated on the basis of time. For this same reason, we also reject Sam's Town's argument, mentioned in its reply brief, that either its personnel manual policies on vacation time or the individual oral contracts between Plaintiffs and Steven Blevins regarding vacation time made Plaintiffs' unpaid vacation time "variable" and not fixed and definite.

23. Finally, Section 50–4–4(C) provides that both wages and other compensation continue as a penalty for up to sixty days for the nonpayment of any component of wages or compensation. Accordingly, in this case, the nonpayment of accrued vacation time invokes the penalty of continued payment of both vacation time and wages for a maximum period of sixty days.

*CONCLUSION*

24. Based on the foregoing, we affirm the trial court.

25. IT IS SO ORDERED.

APODACA, C.J., and BUSTAMANTE, J., concur.