[No. 806-1.    Division One—Panel 2.    November 8, 1971.]

MARIANNE HAYDEN, *Appellant*, v. INSURANCE COMPANY OF NORTH AMERICA, *Respondent.*

*John L. Vogel,* for appellant.

*Detels, Draper & Marinkovich* and *Frank L. Draper,* for respondent.

FARRIS, A.C.J.—Mrs. Hayden, widow of Harold J. Hayden and executrix of his estate, commenced this action in her official capacity to recover from the defendant Insurance Company of North America the principal sum upon an accidental death policy. This policy provided that defendant insurance company would pay $100,000 to the estate of Mr. Hayden if his death resulted "directly and independently of all other causes from bodily injuries caused by accident . . ." Mrs. Hayden appeals from an adverse judgment entered on a jury verdict.

Mr. Hayden had gone to the Hayden's cabin at Hood Canal from his Bellevue residence on the morning of March 2, 1969, to repair the cabin's plumbing. He did not return to the Bellevue home that night as planned and was found dead the next morning. When discovered, Mr. Hayden was lying face down in the front seat of his car with the engine running and the heater on. An autopsy was performed and two types of blood-sample tests revealed that the deceased's blood-alcohol level measured at readings of .45 and .47 grams per cent. There is no allegation that Mr. Hayden intentionally took his own life.

Appellant's first assignment of error is that the trial court erred in giving the following instruction:

Where death occurred as the result of an unusual, unexpected or unforeseen event or events following an intentional act or acts, the death is accidental.

Where death occurs as the natural result of a voluntary act or acts and there is nothing unusual, unexpected or unforeseen which occurs, except the death, the death is not accidental.

An event or events is not unforeseen, unexpected or unusual, as those terms are used in these instructions, if the event or events would normally result from the intentional act or acts.

Instruction 4. Appellant argues that her proposed instruction 2 should have been given instead:

Where injury or death is the unusual, unexpected, or unforeseen result of an intentional act, such injury or death is by accidental means, even though there is no

proof of mishap, mischance, slip, or anything out of the ordinary in the act or event which causes the injury or death.

We disagree.

■■ Instruction 4 given by the trial court accurately sets forth a correct statement of the law. *See Zinn v. Equitable Life Ins. Co.*, 6 Wn.2d 379, 107 P.2d 921 (1940) and *Evans v. Metropolitan Life Ins. Co.*, 26 Wn.2d 594, 174 P.2d 961 (1946). *Evans*, at 604, approved of the rule that "death or injury does not result from accident or accidental means within the terms of an accident policy where it is the natural result of the insured's voluntary act, unaccompanied by anything unforeseen, except the death or injury.' "[1] Accident is never present when a deliberate act is performed, unless some additional, unexpected, independent, and unforeseen happening occurs which produces or brings about the result of injury or death. *Evans*, 26 Wn.2d at 622. The second sentence of instruction 4 is in accord with the definition of "accidental death" set forth in *Evans*. Although appellant's requested instruction 2 is quoted verbatim from *Zinn*, the court there was pointing out the "two clearly defined lines of thought" in the authorities upon the definition of accidental death. The fact that a requested instruction is a verbatim quotation from an earlier reported case does not of itself render the statement an appropriate instruction. The Supreme Court does not intend that all statements made by it are to be incorporated into jury instructions. *Boley v. Larson*, 69 Wn.2d 621, 419 P.2d 579 (1966).

■■ Challenged instructions are not to be singled out or read alone, but are to be considered as a whole in conjunction with all of the other instructions. *Shasky v. Burden*, 78 Wn.2d 193, 470 P.2d 544 (1970). The jury was instructed:

If a person consumes a lethal amount of alcohol from which his death results, death is not accidental. If a person consumes less than a lethal amount of alcohol and

---

[1]See also 44 Am. Jur. 2d *Insurance* § 1222 (1969).

some additional, independent and unforeseen happening occurs which causes death, the death is accidental and the consumption of the alcohol is a condition which is present, but not a cause of death.

Instruction 5. This instruction to which no error is assigned pinpointed the issue at trial. Instructions not excepted to become the law of the case. *Tilton v. Cowles Publishing Co.,* 76 Wn.2d 707, 459 P.2d 8 (1969), *cert. denied,* 399 U.S. 927, 26 L. Ed. 2d 792, 90 S. Ct. 2238 (1970). When the instructions were read as a whole, they adequately informed the jury of the determination which it was required to make. The instructions were sufficient to permit appellant's counsel to fully argue to the jury appellant's theory of accidental death. Instructions are sufficient if, when considered as a whole, they contain general statements of the applicable law broad enough to allow each party to argue satisfactorily to the jury his theory of the case which is sustained by substantial evidence. *State v. Elder,* 70 Wn.2d 414, 423 P.2d 533 (1967).

Appellant also complains that the court refused to give her proposed instruction 4:

> Where a provision of a policy of insurance is capable of two meanings, or is fairly susceptible to two constructions, that meaning and construction most favorable to the insured must be applied, even though the insurer may have intended another meaning, because the insurer and not the insured is the author of the instrument.

This correct statement of the law has no applicability to the case at bar. The language of the policy was unambiguous. It would have been error to have given the instruction. The definition of accidental death was not an ambiguity to be resolved by the giving of appellant's proposed instruction 4, but a legal question to be resolved by the giving of a proper instruction defining the term.

■ Appellant's requested instruction 5[2] had no place

---

[2]"Section 38.20.272 [48.20.272] of the Revised Code of the State of Washington provides that an insuring company may insert in its policy of insurance the following provision:

'INTOXICANTS AND NARCOTICS: The insurer shall not be liable for

in the trial of this matter. That issue was not raised by the pleadings or the proof. The trial court's instructions must conform to the pleadings, proof and evidence offered at the trial, *see Zukowsky v. Brown,* 1 Wn. App. 94, 459 P.2d 964 (1969), *aff'd,* 79 Wn.2d 586, 488 P.2d 269 (1971), and be supported by substantial evidence. *State v. Golladay,* 78 Wn.2d 121, 470 P.2d 191 (1970).

Appellant argues that the trial court erred in admitting into evidence exhibit 9, contending that it was a "second autopsy report" and that exhibit 8 was in fact the only autopsy report which should have been admitted. Dr. Price, the autopsy surgeon who compiled the findings in each exhibit, testified that exhibit 8 was a "provisional report" routinely made "on the basis of the initial studies" as a guide for the coroner and that the complete autopsy "consists of these initial findings plus any other studies [which may be] important to establish a cause of death." Dr. Price further stated that exhibit 9, which contained the results of the chemical analysis of the deceased's blood, was compiled "after completion of the autopsy" and was the "final autopsy report." There was a basis in the record for the conclusion that exhibit 9 represented the final determination of the autopsy surgeon as to the cause of death. But, even if exhibit 9 were a separate report, it was not error to admit it, since appellant offered exhibit 8, thereby inviting explanation and clarification by respondent. *See Short v. Hoge,* 58 Wn.2d 50, 360 P.2d 565 (1961). Furthermore, there was no prejudicial effect to appellant by the admission of exhibit 9, since Mr. Chappell, who performed the chemical analysis, presented testimony as to the results of the blood test and Dr. Price testified as to his opinion regarding the cause of death, which was as he had stated in exhibit 9. For similar reasons, it was not improper to admit exhibit 13, the death certificate.

■ Appellant's final assignment of error is that the

any loss sustained or contracted in consequence of the insured's being intoxicated or under the influence of any narcotic unless administered on the advice of a physician.' "

trial court should have granted her motion for judgment n.o.v. We do not agree. There was sufficient evidence to submit the issue to the jury upon proper instructions. The jury finding was supported by substantial evidence. *See* *State v. Randecker*, 79 Wn.2d 512, 487 P.2d 1295 (1971).

We find no error. Affirmed.

JAMES and SWANSON, JJ., concur.