Keleher & McLeod, Margaret E. Davidson, Robert H. Clark, Albuquerque, for defendant-appellant.

Richard Walker, Albuquerque, for plaintiff-appellee.

709 P.2d 187

**Leslie P. VIHSTADT, formerly known as Leslie Edmondson, individually and as natural mother of Lynn P. Edmondson, Minor and Georgann Edmondson, Plaintiff-Appellee,**

v.

**The TRAVELERS INSURANCE COMPANY, Defendant-Appellant.**

**No. 15392.**

Supreme Court of New Mexico.

Nov. 19, 1985.

OPINION

STOWERS, Justice.

Leslie P. Vihstadt (Vihstadt) filed suit in the Metropolitan Court of Bernalillo County to recover damages under a health insurance policy issued by Travelers Insurance Company (Travelers). After a nonjury trial, judgment was entered in favor of Vihstadt. Travelers appealed to the Bernalillo County District Court which upheld the Metropolitan Court judgment. Travelers appeals the District Court judgment. We reverse.

The following facts are pertinent to this appeal. On June 25, 1983, 14 year-old Lynn P. Edmondson (Lynn) had a quarrel with her natural mother, Vihstadt. Follow-

ing the argument, Lynn deliberately ingested 50 aspirin. Her stated intention in taking the aspirin was to commit suicide or to scare her mother. After Lynn became ill from aspirin poisoning, she was hospitalized and successfully treated for the physical effects of the poisoning.

Georgann Edmondson (Edmondson), Lynn's step-mother, filed an insurance claim with Travelers to cover Lynn's medical expenses. Edmondson filed the insurance claim because she purchased the health insurance policy which provided coverage for her step-daughter, Lynn. Travelers denied coverage because Lynn's medical expenses were not covered by the policy. The policy covered medical expenses "incurred on account of ... an accident" or "incurred as a result of accidental injury or sickness." According to Travelers, Lynn's medical expenses were not incurred as a result of an accidental bodily injury or illness, but rather were the result of an intentional act for which the policy did not provide coverage.

Vihstadt, as Lynn's natural mother and guardian, then filed suit in Metropolitan Court where a judgment in Vihstadt's favor was entered. Travelers appealed to the District Court. Edmondson was added as a plaintiff in the District Court proceeding. The District Court affirmed the Metropolitan Court's judgment and found that the policy was ambiguous because the term "accidental injury or sickness" was undefined in the policy. The District Court stated that the policy should have included a specific provision excluding overdose or attempted suicide injuries from coverage in order to render the policy unambiguous.

On appeal, Travelers raises the following issues:

1. The District Court erred in ruling that the insurance policy was ambiguous.

2. The District Court erred in ruling that there was substantial evidence to support coverage under the insurance policy.

3. The District Court erred in upholding the Metropolitan Court's damage calculation.

■ As to the first issue, we agree with Travelers that the district court erred in ruling that the insurance policy was ambiguous because it lacked a definition for the term "accidental injury or sickness." Whenever the word "accident" is not defined in the insurance policy, "the word must be interpreted in its usual, ordinary and popular sense." *Watson v. Western Casualty & Surety Co.*, 72 N.M. 250, 253, 382 P.2d 723, 725 (1963).

In *Scott v. New Empire Insurance Co.*, 75 N.M. 81, 84, 400 P.2d 953, 955 (1965), we again stated, "[a]bsent any provision in the policy defining 'accidental means' as something different from that as understood by the general public, we follow the holding in *Fowler v. First National Life Insurance Co. of America*, [71 N.M. 364, 378 P.2d 605 (1963),] that words, phrases or terms will be given their ordinary meaning."

In *Webb v. New Mexico Publishing Co.*, 47 N.M. 279, 284, 141 P.2d 333, 336 (1943) (quoting *Stevenson v. Lee Moor Contracting Co.*, 45 N.M. 354, 367, 115 P.2d 342, 350 (1941)), with regard to the phrase "injury by accident," the Court stated:

"We ... hold that 'injury by accident' means nothing more than an accidental injury, or an accident, as the word is ordinarily used. It denotes an unlooked for mishap, or an untoward event which is not expected or designed."

The word "accidental" was also defined in *King v. Travelers Insurance Co.*, 84 N.M. 550, 505 P.2d 1226 (1973). "In its ordinary, popular sense, ['accidental'] expresses the thought of an event occurring without design or purpose, or unintentionally on the part of the assured.... [However, the definition of 'accidental'] does not include the result of wilful design." *Id.* at 553, 505 P.2d at 1229 (quoting *Hamilton v. American Indemnity Co.*, 82 Pa.Super. 191, 194–95 (1923)). The Court further stated that an "[a]ccident, ... within the terms of an accident policy, is an unexpected, unforeseen, or undesigned happening or consequence from either a known or an unknown cause." *Id.* 84 N.M. at 553–54, 505 P.2d at 1229–30 (quoting *Hauen-*

*stein v. Saint Paul-Mercury Indemnity Co.*, 242 Minn. 354, 358–59, 65 N.W.2d 122, 126 (1954)).

■ In this case, Lynn's ingestion of 50 aspirin was not an unlooked for mishap or an untoward event which was not expected or designed. Lynn deliberately and intentionally ingested the aspirin. Therefore, her injury was not the result of an accident as meant by the policy.

The district court in upholding the Metropolitan Court's decision impliedly held that the term "accident" could be viewed as referring either to the *means* of incurring the injury or to the ultimate *result.* In other words, although the actual act of taking the overdose was intentional, nonetheless, the result, the aspirin poisoning, was an accident because it was unintended.

We take this opportunity to lay to rest the possible revival of such a distinction. In *Scott* we rejected the distinction between accidental means and accidental results. In that case we stated, "[i]f there was no accident in the means, there was none in the result, for the two [are] inseparable.... There was an accident throughout, or there was no accident at all." *Id.* 75 N.M. at 84, 400 P.2d at 954 (quoting *Landress v. Phoenix Mutual Life Insurance Co.*, 291 U.S. 491, 501, 54 S.Ct. 461, 464, 78 L.Ed. 934 (1934) (Cardozo, J. dissenting))."

The court in *Hayden v. Insurance Co. of North America*, 5 Wash.App. 710, 490 P.2d 454 (1971), also rejected the distinction between accidental means and accidental results. In *Hayden* the court stated:

> [D]eath or injury does not result from accident or accidental means within the terms of an accident policy where it is the *natural result of the insured's voluntary act,* unaccompanied by anything unforeseen, except the death or injury. [An a]ccident is never present when a deliberate act is performed, unless some additional, unexpected, independent, and unforeseen happening occurs which produces or brings about the result of injury or death.

*Id.* at 712, 490 P.2d at 456. (Emphasis added.)

Since Lynn's injury was the natural result of an intentional and voluntary act, the ingestion of 50 aspirin, her injury was not accidental; therefore, Travelers was not required to provide coverage.

We do not discuss the issues raised by Travelers in Points 2 and 3 because the issue under Point 1 is dispositive of this case.

For the above reasons, the judgment of the district court is reversed.

IT IS SO ORDERED.

FEDERICI, C.J., and SOSA, Senior Justice, concur.