Larry SHEPPARD, plaintiff,

v.

TEXAS DEPARTMENT OF TRANSPORTATION,
defendant.

No. 1:94 CV 570.

United States District Court,
E.D. Texas,
Beaumont Division.

Nov. 15, 1994.

James A. Morris, Jr., Provost & Umphrey, Beaumont, TX, for plaintiff.

Sharon M. Schweitzer, Tex. Atty. General's Office, Highway Div., Austin, TX, for defendant.

## AMENDED AND SUPERCEDING MEMORANDUM OPINION AND ORDER GRANTING DEFENDANT'S 12(b)(6) MOTION TO DISMISS

SCHELL, District Judge.

Before this court is "Defendant's 12(b)(6) Motion to Dismiss Plaintiff's ADA Cause of Action under 42 U.S.C. § 12101," filed on September 26, 1994. Plaintiff filed a response on September 30, 1994. The instant motion requests that this court dismiss Plaintiff's action because Plaintiff's complaint failed to state a claim upon which relief can be granted. After considering the motion, response, defendant's Exhibit I and applicable case law, it is the court's opinion that the motion should be GRANTED. This amended opinion and order replaces the previous opinion and order signed by this court on November 4, 1994. The prior opinion and order dismissed Plaintiff's action without stating whether the action was dismissed with or without prejudice. This amended order dismisses Plaintiff's action without prejudice.

■ Plaintiff originally filed this action in state court on September 6, 1994. Subsequently, Defendant removed the action to this court on September 23, 1994. In his complaint, Plaintiff alleges that Defendant discriminated against him on the basis of his disability. Therefore, Plaintiff brings this action under the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101 *et seq.* In Defendant's Motion to Dismiss, Defendant contends that Plaintiff's action should be dismissed because Plaintiff has not received a "Right to Sue" letter from the Texas Commission on Human Rights nor the Equal Employment Opportunity Commission. Although Plaintiff did not attach his "Right to Sue" letter as an Exhibit to the Complaint, the Complaint specifically asserts that Plaintiff has received a "Right to Sue" letter.[1] To expose the falsity of the Complaint's assertion, Defendant included as an exhibit to its Motion to Dismiss a copy of Plaintiff's alleged "Right to Sue" letter from the Texas Commission on Human Rights.[2] On its face, it is clear that the letter referred to in Plaintiff's Complaint was not an official "Right to Sue" letter.[3] In Plaintiff's Response to Defendant's Motion, Plaintiff implicitly recognized that he had not received a "Right to Sue" letter and asked the court to abate its proceedings until an actual "Right to Sue" letter was received.[4]

It is clear, therefore, that Plaintiff has not received a "Right to Sue" letter and has no cause of action under the Americans with Disabilities Act at this time. The court relies upon Plaintiff's complaint and Exhibit 1 of Defendant's Motion to Dismiss. Therefore, this court dismisses Plaintiff's action under Fed.R.Civ.P. 12(b)(6).[5]

■ A dismissal under 12(b)(6) is not a preferred avenue of adjudication and is looked upon with disfavor. *Kaiser Aluminum & Chemical Sales, Inc. v. Avondale Shipyards, Inc.,* 677 F.2d 1045, 1050 (5th Cir.1982), *cert. denied,* 459 U.S. 1105, 103 S.Ct. 729, 74 L.Ed.2d 953 (1983). In consid-

---

1. "The Plaintiff filed his complaint of discrimination with the Texas Commission on Human Rights on or about December 20, 1993. A "Right to Sue" letter was issued by that agency on June 22, 1994." Plaintiff's Complaint, ¶ V.

2. This exhibit was not authenticated by an attached affidavit which meets the requirements of Fed.R.Civ.P. 56(e)

3. "Because 180 days have passed since you filed a complaint with the Texas Commission on Human Rights, you have the right to request a Notice of Right to file a civil action in state court from TCHR and a Notice of Right to sue in Federal court from the U.S. Equal Employment Opportunity Commission.... Your request must be in writing and must reference both TCHR and EEOC complaint numbers. If you request your notice from TCHR and reference both charges, TCHR will discontinue the investigation of your complaint and request that EEOC dismiss your complaint and issue its Notice of Right to Sue." Defendant's Motion to Dismiss, Exhibit 1.

4. "Plaintiff hereby requests that the Court abate all proceedings until Plaintiff's Right to Sue Letter is received...." Plaintiff's Response to Defendant's Motion to Dismiss.

5. In making this decision, the court considered whether it should treat this matter as a Motion to Dismiss under Rule 12(b)(6) or a Motion for Summary Judgment under Rule 56. After considering the relevant case law, it is the opinion of this court that it is proper to dismiss this case under Rule 12(b)(6).

ering a 12(b)(6) motion, two predominating principles must be followed. First, all well-pleaded facts in a complaint must be accepted as true, and a complaint should be liberally construed in favor of a plaintiff. *Id.* Secondly, "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief." *Id.*

While these two principles are mandatory, the Fifth Circuit has recognized two exceptions to these principles. Where a complaint asserts merely conclusory allegations, a court should not accept as true these conclusionary statements. *Id.* And where a complaint shows on its face that it is barred by an affirmative defense, a court may dismiss the action for failing to state a claim. *Id.*

In determining whether a complaint states a claim upon which relief may be granted, a court must not look beyond the pleadings. *Carpenters Local Union No. 1846 v. Pratt–Farnsworth, Inc.,* 690 F.2d 489, 499–500 (5th Cir.1982), *cert. denied,* 464 U.S. 932, 104 S.Ct. 335, 78 L.Ed.2d 305 (1983). "[U]nless the pleadings *on their face* reveal beyond doubt that the plaintiffs can prove no set of facts that would entitle them to relief," a 12(b)(6) dismissal is inappropriate. *Garrett v. Commonwealth Mortgage Corp.,* 938 F.2d 591, 594 (5th Cir.1991) (emphasis added). In addition to the complaint itself, all exhibits attached to a complaint are part of the pleadings.[6] Therefore, when considering "the pleadings on their face," a court may also consider the exhibits attached to the complaint in determining whether a claim upon which relief may be granted exists. *Hal Roach Studios v. Richard Feiner & Co.,* 896 F.2d 1542, 1555 n. 19 (9th Cir.1990); *Quiller v. Barclays American/Credit Inc.,* 727 F.2d 1067, 1069 (11th Cir.1984), *aff'd on reh'g,* 764

F.2d 1400 (11th Cir.1985), *cert. denied,* 476 U.S. 1124, 106 S.Ct. 1992, 1993, 90 L.Ed.2d 673 (1986). And where an exhibit contradicts an assertion made in the complaint and eliminates any possible claim for relief, dismissal is appropriate. *Associated Builders, Inc. v. Alabama Power Co.,* 505 F.2d 97, 100 (5th Cir.1974); *see Simmons v. Peavy–Welsh Lumber Co.,* 113 F.2d 812, 813 (5th Cir.1940), *cert. denied,* 311 U.S. 685, 61 S.Ct. 63, 85 L.Ed. 442 (1940).

As previously stated, a court should only consider the pleadings when deciding a 12(b)(6) motion to dismiss. When a court considers matters outside the pleadings, Fed.R.Civ.P. 12(b) requires the court "to treat the motion to dismiss as one for summary judgment and to dispose of it as provided in Rule 56." *Carter v. Stanton,* 405 U.S. 669, 671, 92 S.Ct. 1232, 1234, 31 L.Ed.2d 569 (1972). But, there are narrow exceptions to this mandate.

One such exception allows a court, under certain circumstances, to consider exhibits attached to a defendant's motion to dismiss.[7] This exception appears to be an extension of the concept set forth in Rule 10(c). A plaintiff is under no obligation to include a pertinent document as an exhibit to his complaint. 5 WRIGHT & MILLER, FEDERAL PRACTICE AND PROCEDURE: Civil 2d § 1327 p. 762. Thus, when a plaintiff does not attach a pertinent document to the complaint and the document contradicts the complaint, a "defendant may introduce the exhibit as part of his motion attacking the pleading." 5 WRIGHT & MILLER, FEDERAL PRACTICE AND PROCEDURE: Civil 2d § 1327 pp. 762–63; *Fudge v. Penthouse Int'l,* 840 F.2d 1012, 1015 (1st Cir.1988), *cert. denied,* 488 U.S. 821, 109 S.Ct. 65, 102 L.Ed.2d 42 (1988). Several circuits have held that "[d]ocuments that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are

6. In support of this notion, Fed.R.Civ.P. 10(c) states, "A copy of any written instrument which is an exhibit to a pleading is a part thereof for all purposes." Fed.R.Civ.P. 10(c).

7. A major factor directing courts to look only towards the pleadings in deciding a 12(b)(6) motion is the concern that statements outside of the complaint will not provide adequate notice to a

plaintiff. However, "[w]here plaintiff has actual notice ... and has relied upon these documents in framing the complaint the necessity of translating a Rule 12(b)(6) motion into one under Rule 56 is largely dissipated." *Cortec Industries v. Sum Holding L.P.,* 949 F.2d 42, 48 (2nd Cir. 1991), *cert. denied,* —— U.S. ——, 112 S.Ct. 1561, 118 L.Ed.2d 208 (1992).

referred to in the plaintiff's complaint and are central to her claim." *Venture Associates v. Zenith Data Systems*, 987 F.2d 429, 431 (7th Cir.1993); *Branch v. Tunnell*, 14 F.3d 449, 453–54 (9th Cir.1994), *cert. denied*, —— U.S. ——, 114 S.Ct. 2704, 129 L.Ed.2d 832 (1994); *Pension Benefit Guaranty Corp. v. White Consolidated Industries*, 998 F.2d 1192, 1196 (3rd Cir.1993), *cert. denied*, —— U.S. ——, 114 S.Ct. 687, 126 L.Ed.2d 655 (1994); *Fudge*, 840 F.2d at 1015; *Field v. Trump*, 850 F.2d 938, 949 (2nd Cir. 1988), *cert. denied*, 489 U.S. 1012, 109 S.Ct. 1122, 103 L.Ed.2d 185 (1989). For this exception to apply, the document must be referred to by the complaint, and it must be integral and central to the plaintiff's claim. *Field*, 850 F.2d at 949; *Venture Associates*, 987 F.2d at 431.

The Fifth Circuit has never explicitly recognized this exception; on the other hand, the Fifth Circuit has never explicitly denounced the exception. After a review of Fifth Circuit case-law, this court was unable to find clear precedent prohibiting this court's reliance upon Defendant's Exhibit I in dismissing this action under rule 12(b)(6). In *Fowler v. Southern Bell Telephone & Telegraph Co.*, 343 F.2d 150 (5th Cir.1965), the Fifth Circuit stated that a court was not restricted to mere consideration of the complaint; rather, "[m]atters outside the complaint may be considered, and for such eventuality Rule 12 provides that the motion be treated as one for summary judgment and disposed of in accordance with Rule 56...." *Fowler*, 343 F.2d at 153. Thus, "when a trial court considers matters outside the pleadings, the motion to dismiss *should* be treated as a motion for summary judgment...." *Partridge v. Two Unknown Police Officers of Houston*, 791 F.2d 1182, 1189 (5th Cir.1986) (relying on depositions which were attached exhibits to the motions). On many occasions, a district court's reliance upon matters outside of the pleadings has transformed a 12(b)(6) motion into a motion for summary judgment. *Fowler*, 343 F.2d at 153 (basing a dismissal improperly upon verified removal petitions); *Pratt–Farnsworth*, 690 F.2d at 499 (relying upon affidavits attached to Defendant's motion to dismiss for failure to state a claim); *Underwood v. Hunter*, 604 F.2d 367, 368–69 (5th Cir.1979) (relying upon oral testimony proffered at a preliminary injunction hearing). Courts of this circuit have utilized the summary judgment clause of rule 12(b) even when it was perhaps unnecessary. *See General Guaranty Insurance Co. v. Parkerson*, 369 F.2d 821, 823 (5th Cir.1966) (treating a 12(b)(6) motion as a motion for summary judgment pursuant to 12(c) because they considered "contracts, assignments, and releases" which were attached to the pleadings as exhibits). However, none of these cases considered whether a district court may consider a pertinent document attached as an exhibit to a defendant's motion to dismiss, and the case at hand is distinguishable.

In *Isquith v. Middle South Utilities, Inc.*, 847 F.2d 186 (5th Cir.1988), *cert. denied*, 488 U.S. 926, 109 S.Ct. 310, 102 L.Ed.2d 329 (1988), the court handled a combined motion to dismiss/motion for summary judgment as a motion for summary judgement. The plaintiffs, alleging securities misrepresentations, filed a complaint which included excerpts from documents filed by the defendant with the SEC. In support of the combined motion to dismiss/motion for summary judgment, the defendant submitted a 127 page memorandum of law which contained excerpts from .the same SEC documents referred to in the plaintiff's complaint and excerpts from SEC documents not referred to in the plaintiff's complaint. *Id.* at 190. Additionally, the defendant proffered a "statement of uncontested facts" which included an affidavit and several document excerpts.

After considering all of the information submitted by the plaintiffs and defendants, the district court granted the motion for summary judgment. Upon review, the Fifth Circuit held that the district court appropriately handled the matter as a motion for summary judgment. *Id.* at 193–94. The primary basis for this conclusion was the fact that the district court had relied upon affidavits and documents which were clearly outside of the pleadings. *Id.*

In a footnote, the Fifth Circuit suggested that the matter could have properly been

handled as a 12(b)(6) motion to dismiss.[8] *Id.* at 193–94 n. 3. In hypothetically adjudicating the 12(b)(6) motion, the court looked "solely" to the complaint's allegations and excerpts contained therein.[9] It did not consider the excerpts set forth in the defendant's memorandum of law.

While the Fifth Circuit did not consider the defendant's document excerpts in the *Isquith* footnote, this court does not interpret *Isquith* to preclude this court's reliance upon Defendant's Exhibit I in granting Defendant's motion. *Isquith* is factually distinguishable from *Venture Associates, Fudge* and *Field,* and does not necessitate the handling of this matter under rule 56. Under the *Venture Associates* exception, a court may rely upon a defendant's exhibit when it is referred to in the plaintiff's complaint and is central to plaintiff's claim. *Venture Associates,* 987 F.2d at 431. In *Isquith,* the plaintiff did not refer generally to a document; rather, the complaint specifically included excerpts from particular documents. The defendant did not submit the complete documents as exhibits; rather, he only included excerpts from them in his brief. Furthermore, some of these submitted excerpts were taken from documents that were neither relied upon nor referred to in the plaintiff's complaint. *Isquith,* 847 F.2d at 190. Finally, the excerpts did not even completely refute the assertions made in the plaintiff's complaint. Thus, the facts of *Isquith* do not appear to fall within the *Venture Associates* exception.

■ In contrast, the case at hand falls squarely within the *Venture Associates* exception. Here, the exhibit relied upon was specifically referred to in Plaintiff's complaint. Furthermore, this document is central and necessary to Plaintiff's cause of action because a valid "Right to Sue" letter from the EEOC is a condition precedent to Plaintiff's claims. *Pinkard v. Pullman–Standard,* 678 F.2d 1211, 1215 (5th Cir.1982), *cert. denied,* 459 U.S. 1105, 103 S.Ct. 729, 74 L.Ed.2d 954 (1983). Additionally, Defendant tendered the entire document in Exhibit I, and this document directly refutes the complaint's assertions. Therefore, this court considers Plaintiff's complaint and Defendant's Exhibit I in determining whether Plaintiff's complaint states a claim upon which relief may be granted.

### Americans with Disabilities Act

■ Plaintiff asserts a violation of the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq.* Pursuant to section 12117(a), a plaintiff must use the powers, remedies, and procedures set forth in sections 705, 706, 707, 709, and 710 of the Civil Rights Act of 1964 when bringing suit under section 12101. 42 U.S.C. § 12117(a). Under these sections of the Civil Rights Act of 1964, an aggrieved party must receive a "Right to Sue" letter from the EEOC before bringing an action against an entity. 42 U.S.C. § 2000e–5; *see also Bishop v. Okidata, Inc.,* 864 F.Supp. 416, 424 (D.N.J.1994). A right to sue letter is not a jurisdictional prerequisite to bringing a Title VII claim; rather, this statutory requirement is a condition precedent which can be fulfilled after filing suit. *Pinkard,* 678 F.2d at 1215. Thus, before a plaintiff may properly sue an entity under Title VII or the ADA, he must receive statutory notice of his right to sue. *Id.* Where a plaintiff has not satisfied this condition precedent, the action is subject to dismissal without prejudice. *Id.* at 1218. However, if a "Right to Sue" letter is received before the defect is addressed by the court, the subsequent receipt will cure

---

**8.** The Fifth Circuit suggested that the district court could have treated the matter as a motion to dismiss under rule 12(b)(6). "The district court did not have to interpret the defendants' motions as it did—that is, it did not have to consider the documents in defendants' statement of undisputed facts and accept as true the allegations in plaintiffs' complaint.... The district court's second choice was to ignore the copies of the documents, treat the motions as motions to dismiss, and evaluate the allegations in the complaint according to the standards developed for

motions to dismiss...." *Isquith,* 847 F.2d at 193 n. 3.

**9.** "Looking *solely* to the complaint's allegations of misrepresentation, therefore, we certainly cannot say that 'it is beyond doubt that the plaintiff[s] can prove no set of facts in support of [their] claim which would entitle [them] to relief.'" *Isquith,* 847 F.2d at 194 n. 3 (quoting *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–02, 2 L.Ed.2d 80 (1957)).

the original defect. *Id.; see James v. Texas Dept. of Human Services,* 818 F.Supp. 987, 990 (N.D.Tex.1993).

In the case at hand, Plaintiff has not received his "Right to Sue" letter from the EEOC. While Plaintiff's complaint asserts that Plaintiff has received a right to sue letter and specifically referred to a letter issued by the Texas Commission on Human Rights, Defendant's Exhibit I clearly shows that this letter which was issued by the Texas Commission on Human Rights was not a right to sue letter. It is clear on the face of the pleadings that this condition precedent was not satisfied; therefore, dismissal is appropriate. *See Black v. Brown University,* 555 F.Supp. 880, 884 (D.R.I.1983); *Watson v. Republic Airlines, Inc.,* 553 F.Supp. 939, 943 (N.D.Ga.1982).

For the foregoing reasons, Defendants Motion to Dismiss for Failure to State a Claim is GRANTED, and Plaintiff's action is dismissed without prejudice.