NEW MEMORIAL ASSOCIATES, a New Mexico joint venture, Plaintiff,

v.

CREDIT GENERAL INSURANCE CORP., Campania Management Co., Inc., Health Facilities Insurance Co., and Health Facilities Management Co., Inc., Defendants.

Civil No. 96–1350 DJS/JHG.

United States District Court,
D. New Mexico.

March 18, 1997.

Kurt Wihl, Keleher & McLeod, Albuquerque, NM, for New Memorial Associates.

Rocco N. Covino and Dierdre G. Johnson, LeBoeuf, Lamb, Greene & MacRae, L.L.P., Washington, DC, Victor R. Marshall, Marshall & Associates, Albuquerque, NM, for Credit Gen. Ins. Corp., Campania Management Co., Inc., Health Facilities Ins. Co., Health Facilities Management Co.

### MEMORANDUM OPINION AND ORDER

SVET, United States Magistrate Judge.

**THIS MATTER** comes before the Court upon Defendants' Joint Motion to Dismiss the Complaint for Failure to State a Claim on which Relief May be Granted filed January 17, 1997 (Docket No. 9). Pursuant to 28 U.S.C. § 636(c) and Fed.R.Civ.P. 73, this

case has been assigned to a Magistrate Judge for final disposition.

Plaintiff has brought this action for breach of insurance agreement, violation of the New Mexico Insurance Practices Act NMSA 1978 §§ 59A–16–20 and 30 (1995 Repl. Pamph.), and violation of the New Mexico Unfair Practices Act NMSA 1978 §§ 57–12–2, 3, and 10. Plaintiff seeks damages, punitive damages, and attorney fees for Defendants' alleged wrongful failure to defend and indemnify it against claims brought by the government. Plaintiff was sued in 1994 by the United States Government to recover damages and civil penalties under the False Claims Act, 31 U.S.C. §§ 3729–3722. That action was styled *United States of America, ex rel. Victoria King v. James D.C. Jaramillo, medical institute for Mental Health and Memorial Hospital,* 92–Cv–1045 MV/WWD (D.N.M.) (hereinafter "*qui tam* action").

Defendants seek to dismiss the complaint on the ground that it fails to state a claim upon which relief can be granted. Defendants contend that actions for which Plaintiff sought defense and indemnity are not covered under the clear terms of the insurance policies. Defendants assert that the policies under which Plaintiff seeks to recover expressly exclude from coverage any repayment of fees and any payments to the government. Defendants also argue that the government's suit did not allege a "covered occurrence" under the terms of the policies.

## STANDARD OF REVIEW

■ Defendants filed this motion pursuant to Fed.R.Civ.P. 12(b)(6), asserting that this matter should be dismissed as a matter of law because it fails to state a claim upon which relief can be granted. Defendants attached copies of the underlying insurance policies, the complaint from the *qui tam* action for which Plaintiff sought a defense and indemnity, and the settlement agreement from that action to the instant motion to dismiss. Plaintiff contends that by doing so, Defendants referred to matters outside the complaint and the instant motion must be considered as a motion for summary judgment under the standards contained in Fed. R.Civ.P. 56.

■ Plaintiff is, of course, correct that when a court considers matters outside the complaint when ruling upon a Rule 12(b)(6) motion that motion is considered as a motion for summary judgment pursuant to Rule 56. However, the Court may consider documents referenced in the complaint but not attached to it without converting a motion to dismiss into one for summary judgment. *E.g. Gasner v. County of Dinwiddie,* 162 F.R.D. 280, 281 (E.D.Va.1995) (collecting cases, citations omitted); *Sheppard v. Texas Dept. of Transportation,* 158 F.R.D. 592, 595 (E.D.Tx.1994) (collecting cases, citations omitted). For this exception to Rule 12(b)(6) to apply, the document must be referred to by the complaint and must be integral and central to the plaintiff's claim. *Sheppard,* 158 F.R.D. at 595 (citing *Field v. Trump,* 850 F.2d 938, 949 (2nd cir.1988) *cert. denied* 489 U.S. 1012, 109 S.Ct. 1122, 103 L.Ed.2d 185 (1989)); and *Venture Associates v. Zenith Data Systems,* 987 F.2d 429, 431 (7th Cir.1993). The exception encompasses documents quoted, relied upon, or incorporated by reference in the complaint as well as official public records pertinent to the plaintiff's claims, so long as the documents are of unquestioned authenticity. *Gasner,* 162 F.R.D. at 282 (citations omitted).

■ In this instance, Plaintiff does not contest the authenticity of any of the documents attached to Defendants' motion. Further, each of the documents is referred to in the Complaint. In addition, the complaint in the underlying *qui tam* action is quoted in part in Plaintiff's complaint. Accordingly, the exhibits to Defendants' motion to dismiss will be considered by the Court but do not convert that motion to one for summary judgment. In contrast, Plaintiff attaches an affidavit to its response to the motion which is not appropriately considered under a Rule 12(b)(6) standard and which the Court will not rely upon in reaching its decision.

■ A complaint may be dismissed pursuant to Fed.R.Civ.P. 12(b)(6) only "if the plaintiff can prove no set of facts to support a claim for relief." *Jojola v. Chavez,* 55 F.3d 488, 490 (10th Cir.1995). In deciding the motion, the Court should accept all the well-pleaded allegations of the complaint as true

and construe them in the light most favorable to the plaintiff. *Gagan v. Norton*, 35 F.3d 1473, 1474 n. 1 (10th Cir.1994) *cert. denied*, 513 U.S. 1183, 115 S.Ct. 1175, 130 L.Ed.2d 1128 (1995) (quoting *Williams v. Meese*, 926 F.2d 994, 997 (10th Cir.1991)). Under this standard, Defendants' motion to dismiss should be granted.

## POLICIES EXCLUDED COVERAGE OF REPAYMENT OF GOVERNMENT FEES

■ The policies under which Plaintiff sought defense and indemnity each stated in part that "... the policy does not apply to any fines, penalties, the return or withdrawal of fees, or government payment, any award of punitive damages, or any sum in excess of compensatory damages." Endorsement # 3 of Exhibit A to Defendants' Memorandum in Support of Motion to Dismiss, Endorsement # 3 of Exhibit B to Defendants' Memorandum in Support of Motion to Dismiss.

■ The *qui tam* action undertaken by the government was made "to recover damages and civil penalties on behalf of the United States of America ...". Exhibit C to Defendants' Memorandum in Support of Motion to Dismiss at 1. The government alleged that Plaintiff "improperly received monies from the Federal treasury thereby damaging Plaintiff". *Id.* at 10. It is the law of the state of New Mexico that an exclusionary clause in an insurance contract excludes harm of the same general type as the insured intended. *Knowles v. United Servs. Auto. Ass'n*, 113 N.M. 703, 832 P.2d 394, 397 (1992). Based upon the complaint in the *qui tam* action, it is clear that Plaintiff sought defense and indemnity for an action brought to secure the repayment of government funds, which action was excluded by the clear terms of the insurance policies.

## INSURANCE POLICIES EXCLUDED INTENTIONAL CONDUCT

■ The government alleged that Plaintiff aided and abetted the fraudulent billing practices of others. Exhibit C to Defendants' Memorandum in Support of Motion to Dismiss at 9. The government further alleged that, along with the other defendants in the *qui tam* action, Plaintiff presented claims for payment that it knew were false or fraudulent, or that Plaintiff was deliberately ignorant of the truth or falsity of such claims, or that Plaintiff acted in reckless disregard of whether such claims were false. *Id.* at 11. Additionally, the government asserted that Plaintiff knowingly failed to enforce standards regarding minimum level of care for hospitalized patients. *Id.* at 12. The allegations in the Government's complaint assert deliberate conduct on the part of Plaintiff.

The insurance policies provided coverage for "all sums to which the 'Insured' shall become legally obligated to pay because of 'bodily injury' or 'property damage' caused by an 'occurrence' under the terms and limits of liability provided for in the Policy." Exhibit A of Defendants' Memorandum in Support of Motion to Dismiss; Exhibit B of Defendants' Memorandum in Support of Motion to Dismiss. Leaving aside the question of whether the *qui tam* action involved claims for bodily injury or property damage, "occurrence" is defined under the policies as "with respect to 'bodily injury' or 'property damage', an accident ... which results in 'personal injury' or 'property damage' neither expected nor intended from the standpoint of the insured." *Id.* The government sought recovery under the False Claims Act for conduct which can in no way be characterized as accidental.

"Whenever the word 'accident' is not defined in the insurance policy, 'the word must be interpreted in its usual, ordinary and popular sense.'" *Vihstadt v. Travelers Ins. Co.*, 103 N.M. 465, 709 P.2d 187, 188 (1985) (quoting *Watson v. Western Cas. & Sur. Co.*, 72 N.M. 250, 382 P.2d 723, 725 (1963)). In *Vihstadt*, the New Mexico Supreme Court went on to quote several definitions of the word "accident," among them: "'an unlooked for mishap, or an untoward event which is not expected or designed,'" *Id.* (quoting *Webb v. New Mexico Publishing Co.*, 47 N.M. 279, 141 P.2d 333, 336 (1943)), and "'an event occurring without design or purpose, or unintentionally on the part of the assured.... [However, the definition of 'accidental'] does not include the result of wilful

design,' " *Id.* (quoting *King v. Travelers Ins. Co.,* 84 N.M. 550, 505 P.2d 1226, 1229 (1973)).

Plaintiff argues that a focus on the facts alleged in the complaint, rather than the government's characterizations of those facts, requires the conclusion that the government sought relief on the basis of negligence. Plaintiff also contends that the settlement negotiations in the *qui tam* action demonstrated that the government sought damages only on a negligence theory. However, the settlement negotiations are not a matter of record, nor are the parties' positions during settlement relevant to any matter other than settlement. Further, Plaintiff attempts to cast the complaint in terms contrary to the plain terms of the allegations therein.

Defendants did not have a duty to defend Plaintiff in the *qui tam* action because the allegations in the government's complaint did not bring the case within the coverage of the policy, as that complaint sought damages for intentional conduct rather than an accident. *Foundation Reserve Ins. Co. v. Mullenix,* 97 N.M. 618, 642 P.2d 604, 605 (1982) (quoted in *State Farm Fire & Casualty Co. v. Mhoon,* 31 F.3d 979, 985 (10th Cir.1994)). "If the allegations of the complaint clearly fall outside the provisions of the policy, neither defense not indemnity is required." *Bernalillo Co. Deputy Sheriffs Ass'n v. Co. of Bernalillo,* 114 N.M. 695, 845 P.2d 789, 791 (1992) (citation omitted). Defendants' motion to dismiss should be granted with regard to the breach of insurance agreement claim because the action for which Plaintiff sought coverage was excluded from such coverage by the terms of the insurance policies, which provided that only accidents, rather than intentional acts, were insured.

## NEW MEXICO INSURANCE PRACTICES ACT & UNFAIR PRACTICES ACT

Plaintiff's claims under the New Mexico Insurance Practices Act must necessarily be dismissed given the fact that Defendants had no duty to defend nor indemnify Plaintiff. *Sena v. Travelers Ins. Co.,* 801 F.Supp. 471, 477 (D.N.M.1992) (Upon finding that insurer had no duty to defend, insured's Unfair Insurance Practices claim fails as a matter of law.) Similarly, Plaintiff's claims under the New Mexico Unfair Practices Act fail because such a claim must be based upon a misrepresentation or false statement which was knowingly made. *See Page & Wirtz Constr. Co. v. Solomon,* 110 N.M. 206, 794 P.2d 349, 352 (1990) (Claim under Unfair Practices Act must rest on an allegation of a false or misleading statement, citing NMSA 1978, § 57–12–2(C)). The Defendants properly denied coverage based upon the terms of the policy and the government's complaint in the underlying action. Plaintiff does not allege any facts which tend to show that Defendants knowingly mislead it or made any false statement. *See* Complaint (Docket No. 1).

## COSTS AND FEES

Defendants seek their costs and attorneys' fees incurred in the defense of this matter. That request is not well taken and will not be granted.

**IT IS THEREFORE ORDERED** that Defendant's Motion to Dismiss is granted. Plaintiff's complaint is dismissed with prejudice.