OFFICE OF THE ATTORNEY GENERAL · STATE OF TEXAS

October 15, 2001

The Honorable Edwin E. Powell, Jr.
Coryell County Attorney
P.O. Box 796
Gatesville, Texas 76528

Opinion No. JC-0422

Re: Release of "provisional autopsy report" maintained by a justice of the peace (RQ-0380-JC)

Dear Mr. Powell:

The Justice of the Peace of Coryell County has received a request under the Texas Public Information Act, chapter 552 of the Texas Government Code, for a "provisional autopsy report" about a deceased inmate at a local facility of the Texas Department of Criminal Justice. At the time of the request, there was no final autopsy report, and only the provisional autopsy report was available.[1] You requested a ruling on this matter from the Open Records Division of this office. That division informed you that the Public Information Act does not apply to records maintained by the judiciary and that the justice of the peace need not release the provisional autopsy report under that Act.[2] See TEX. GOV'T CODE ANN. §§ 552.003(1)(B), .0035 (Vernon 1994 & Supp. 2001) (judiciary not subject to Act; access to information maintained by judiciary controlled by other laws and rules).[3] However, because section 402.043 of the Government Code authorizes a county attorney to request legal opinions from this office, we can answer your question in an Attorney General Opinion. A justice of the peace is not subject to the Public Information Act, therefore, the provisions of that act cited in your brief do not apply to a provisional autopsy report. See TEX. GOV'T CODE ANN. §§ 552.022(a)(1) (Vernon Supp. 2001) (availability of a completed report); 552.108 (exception for certain law enforcement and prosecutorial information). This does not end our inquiry as to whether the provisional autopsy report is subject to public inspection. We conclude

---

[1]Letter from Honorable Edwin E. Powell, Jr., Coryell County Attorney, to Open Records Division, Office of the Attorney General (Feb. 21, 2001) (on file with Opinion Committee).

[2]Letter from Stephan P. Agan, Assistant Attorney General, Open Records Division, Office of the Attorney General, to Honorable Edwin E. Powell, Jr., Coryell County Attorney (Apr. 27, 2001) (on file with Opinion Committee) [designated as OR2001-1734].

[3]Unlike an autopsy report maintained by a justice of the peace, the report of an autopsy conducted by a county medical examiner is subject to chapter 552 of the Government Code. See TEX. CODE CRIM. PROC. ANN. art. 49.25, § 11 (Vernon Supp. 2001).

that a member of the public may inspect the provisional autopsy report pursuant to section 27.004 of the Government Code. *See id.* § 27.004(a) (Vernon 1988) (records subject to inspection by interested party at reasonable times).

The justice of the peace conducted an inquest into the death of an inmate in a Department of Criminal Justice facility located in Coryell County, and an autopsy was performed in connection with that proceeding. *See generally* TEX. CODE CRIM. PROC. ANN. ch. 49 (Vernon 1979 & Supp. 2001) (inquests upon dead bodies), *id.* art. 49.10(e) (Vernon Supp. 2001) (justice of the peace shall order an autopsy if necessary to determine or confirm cause of death, if prosecutor directs justice to do so, or under certain circumstances where deceased is younger than six years of age). An "inquest" is "an investigation into the cause and circumstances of the death of a person, and a determination, made with or without a formal court hearing, as to whether the death was caused by an unlawful act or omission." *Id.* art. 49.01(2). In counties that do not have a medical examiner's office, a justice of the peace conducts inquests pursuant to chapter 49, subchapter A of the Code of Criminal Procedure.[4]

When an inmate dies in prison, the justice of the peace in the county must conduct an inquest into that death, unless the inmate died of natural causes while attended by a physician or a registered nurse or was executed. *See id.* art. 49.04(a)(1); *see also* TEX. GOV'T CODE ANN. § 501.055(b) (Vernon 1998). If an autopsy is necessary, the justice orders a physician to perform it. *See* TEX. CODE CRIM. PROC. ANN. art. 49.10(f) (Vernon Supp. 2001). The provisional autopsy report you have sent shows that the autopsy was performed at the University of Texas Medical Branch in Galveston. The Texas Department of Criminal Justice has submitted a brief accompanied by samples of provisional and final autopsy reports concerning two deceased inmates from its facilities, and these autopsies were also performed at the University of Texas Medical Branch in Galveston.[5]

The inquest record prepared by the justice must include the autopsy report, if an autopsy was performed. *Id.* art. 49.15(a), (b)(8). "All papers of the inquest record must . . . be maintained in the office of the justice of the peace and be made available to the appropriate officials upon request." *Id.* art. 49.15(a). The justice of the peace certifies a copy of the inquest summary report and delivers it in a sealed envelope to the clerk of the district court. *Id.* art. 49.15(d). You wish to know whether a "provisional" autopsy report should be made available to the public, or whether it should be withheld pending receipt of the final autopsy report.

---

[4]Any county may appoint a medical examiner, whose qualifications, duties, and records are governed by subchapter B, Code of Criminal Procedure.

[5]Brief from Leonard W. Peck, Jr., Assistant General Counsel, Texas Department of Criminal Justice, to Honorable John Cornyn, Texas Attorney General (June 4, 2001) (on file with Opinion Committee) [hereinafter Peck Brief].

Chapter 49 of the Code of Criminal Procedure defines "autopsy" as "a post mortem examination of the body of a person, including X-rays and an examination of the internal organs and structures after dissection, to determine the cause of death or the nature of any pathological changes that may have contributed to the death." *Id.* art. 49.01(1) (Vernon Supp. 2001). Chapter 671 of the Health and Safety Code, subchapter B, which states procedures for filing and disclosure of autopsy reports, defines an "autopsy report" to include:

> (1) the report of the postmortem examination of the body of a person, including x-rays and photographs taken during the actual postmortem examination; and

> (2) the toxicology report, if any, and other reports that involve an examination of the internal organs and structures of the body after dissection.

TEX. HEALTH & SAFETY CODE ANN. § 671.011(a) (Vernon Supp. 2001); *see also id.* § 671.011(b) (autopsy report does not include investigative reports and other documents that physician performing the autopsy reviews in connection with determining cause of death).

The term "provisional autopsy report" is not defined or used in chapter 49 of the Code of Criminal Procedure or in chapter 671 of the Health and Safety Code, nor do we find this term elsewhere in the Texas statutes. *But see Pachecano v. State*, 881 S.W.2d 537, 542 (Tex. App.–Fort Worth 1994, no writ) (referring to "preliminary autopsy report" and "autopsy report"); 25 TEX. ADMIN. CODE § 405.271(c)(7) (2001) (death/discharge summary of person served by Texas Mental Health & Mental Retardation Facility shall include "preliminary autopsy findings," if available). The brief from the Department of Criminal Justice explains that provisional autopsy reports "are issued when some information about a cause of death is known, but important information is not yet available." Peck Brief, *supra* note 5, at 2. For example, tissue cultures and chemical scans may not have been completed in time for the provisional autopsy report. *Id.; see also Hayden v. Ins. Co. of N. Am.*, 490 P.2d 454, 457 (Wash. Ct. App. 1971) (provisional autopsy report is routinely made on the basis of initial studies, while complete report consists of initial findings as well as any other studies that may help establish cause of death). Death certificates, which must be filed no later than 10 days after the date of the death, *see* TEX. HEALTH & SAFETY CODE ANN. § 193.003(a) (Vernon 2001), sometimes show the cause of death stated in the provisional autopsy report. Peck Brief, *supra* note 5, at 3. If the final autopsy report shows a different cause of death, the death certificate may be amended. *See* TEX. HEALTH & SAFETY CODE ANN. § 191.028 (Vernon 2001). Thus, the term "provisional autopsy report" is used in the practice of postmortem exams to describe the early findings before the complete findings are available.

Rule 12 of the Texas Rules of Judicial Administration provides for public access to records maintained by a court in its regular course of business that do not pertain to its adjudicative function.

*See* TEX. R. JUD. ADMIN. 12.2(d), *reprinted in* TEX. GOV'T CODE ANN., tit. 2, subtit. F app. (Vernon Supp. 2001). However, this rule does not apply to records to which access is controlled by a statute or provision of law. *See id.* 12.3(a)(4). This is the case with autopsy records held by the justice court. Thus, we need not determine whether a preliminary autopsy report is a record maintained by the justice court "in its regular course of business . . . not pertaining to its adjudicative function." *See id.* 12.2(d).

Section 27.004 of the Government Code provides that each justice of the peace shall "safely keep all dockets, books, and papers transmitted to the justice by the justice's predecessors in office, and all papers filed in a case in justice court, subject to the inspection of any interested party at reasonable times." TEX. GOV'T CODE ANN. § 27.004(a) (Vernon 1988). This provision has been construed to allow members of the public to inspect autopsy reports maintained by the justice of the peace. *See* Tex. Att'y Gen. ORD-25 (1974) (construing prior codification of section 27.004 of Government Code); *see also* Tex. Att'y Gen. ORD-521 (1989) at 3 (meaning of "interested person" in statute on access to public record). Section 27.004 of the Government Code provides no basis for distinguishing between a provisional and a final autopsy report or for withholding a provisional autopsy report. Both reports are records maintained by the justice of the peace subject to public inspection pursuant to section 27.004 of the Government Code. Accordingly, the justice of the peace must make the provisional autopsy report available for inspection.

## S U M M A R Y

Although the Public Information Act, Texas Government Code chapter 552, does not apply to records of the judiciary, such records may be available to the public under other laws. A "provisional autopsy report" prepared in connection with an inquest by a justice of the peace is not available under the Public Information Act, but members of the public may inspect it pursuant to section 27.004 of the Government Code.

Very truly yours,

JOHN CORNYN
Attorney General of Texas

HOWARD G. BALDWIN, JR.
First Assistant Attorney General

NANCY FULLER
Deputy Attorney General - General Counsel

SUSAN D. GUSKY
Chair, Opinion Committee

Susan L. Garrison
Assistant Attorney General, Opinion Committee